KIRBY AISNER & CURLEY LLP
*Proposed Attorneys for the Debtor*
700 Post Road, Suite 237
Scarsdale, New York 10583
(914) 401-9500
Dawn Kirby, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

P8H, INC. d/b/a PADDLE 8,

                   Debtor.
-----------------------------------------------------------X

Chapter 11

Case No. 20-10809 (smb)

## DECLARATION OF PETER RICH PURSUANT TO LOCAL RULE 1007-2

PETER RICH, being duly sworn, deposes and says:

1. I am the sole Board Member of P8H, Inc. d/b/a Paddle 8 (the "Debtor" or "Paddle 8"). I submit this affidavit pursuant to Rule 1007-2 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York.

### Background

2. The Debtor is an online auction house selling fine art, focusing on art pieces priced between $1,000 and $100,000. Paddle8 partners with non-profit organizations worldwide to present their benefit auctions online. In 2018, the Debtor realized a 21% growth in revenues compared to the same period in 2017. The Debtor, and its predecessor companies, has raised more than $44 million in equity and debt funding since its founding in 2011.

3. The Debtor has operated reliably for the benefit of its stakeholders, in working harmony with its commercial suppliers and non-profit 'good cause' partners, over many years, and certainly during 2018 and the first three quarters of 2019. At the time of the resignation of its

prior Manager on November 8, 2019, who resigned on friendly terms with a recognition of gratitude which was ratified by resolution of Debtor's board of directors, the Debtor was 'current' in substantially all payables accounts and Debtor was a responsible custodian of monies collected on behalf of its benefit auction clients.

4. The Debtor's financial distress stems from what the Debtor believes may have been mistakes or mismanagement by its former CEO, who replaced the Manager, appointed to the position by the Debtor's board in November 2019. It appears the new CEO began to rely on auction receipts to pay operating expenses. The CEO abruptly resigned on February 12, 2020 only three short months after his term started. On the same day, he distributed self-serving emails to employees, vendors and non-profit organizations that assigned blame to others for the actions that only he controlled as CEO. His actions sent the Debtor into crisis management mode.

5. The board of Debtor has now taken control of Debtor to marshal the assets for the benefit of all stakeholders, to observe proper protocols for the safeguarding of client funds, and to position Debtor for continued operation in a manner that is consistent with its reputation for making a positive contribution to good causes.

6. Initially, the Debtor's intention was to financially restructure operations outside of bankruptcy. It has become apparent, however, that certain of the financial challenges are immediate and require the relief afforded by the Bankruptcy Code to maximize the Debtor's assets and indeed the entire enterprise for the benefit of creditors.

7. Recently, and overly aggressive creditor represented by John R. Cahill and Paul Cossu of Olsoff, Cahill Cossu LLP filed a lawsuit demanding approximately $14,000 allegedly due plus, outrageously, over $6,000 in legal fees. The creditor took the coercive step of naming as

defendants several of the Debtor's employees who had spoken to the creditor. The creditor soon thereafter made written threats to include Board members and others in the lawsuit (which the Debtor asserts is a wholly inappropriate), and to marshal other creditors against the Debtor

8. The Debtor determined it was appropriate to seek the protection of chapter 11 for the benefit of all of the Debtor's creditors, which would provide the Debtor with time to formulate a plan to fund its obligations to creditors without the chaos spearheaded by a single creditor wrongly suing the Debtor's key employees and Board members in a coercive strongarm tactic. Shortly after the Petition Date, the creditor also threatened in writing to oppose the Debtor's retention of bankruptcy counsel but failed to express any grounds whatsoever, therby signaling the creditor's sole motivation is to undermine the Debtor's reorganization efforts.

9. The Debtor anticipates making creditors whole through a negotiated subordination with its secured creditor, prosecution of a claim under the Debtors Directors & Officers insurance policy, and potentially obtaining additional funding or entering into a strategic partnership or sale that maximizes the value of the Paddle8 brand.

10. Debtor believes that with the help of counsel it will be able to restructure its affairs, adjudicate all disputed claims and propose a plan of reorganization that is in the best interests of its creditors and affords them the greatest recovery possible.

11. The needs and interests of the Debtor's creditors will best be served by the continued possession of its property and management of its affairs as debtor-in-possession under Chapter 11 until confirmation of a reorganization plan.

## INFORMATION REQUIRED BY LOCAL BANKRUTPCY RULE 1007

12. In addition to the foregoing, Local Bankruptcy Rule 1007-2 requires certain information related to the Debtor, which is set forth below.

**Local Rule 1007-2(a)(1)**

13. The circumstances leading to the Debtor's filing chapter 11 are set forth above.

**Local Rule 1007-2(a)(2)**

14. This case was not originally commenced under Chapter 7 or 13 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

**Local Rule 1007-2(a)(3)**

15. No committee was organized prior to the order for relief in this Chapter 11 case.

**Local Rule 1007-2(a)(4)**

16. A list of the names and addresses of the Debtor's 20 largest unsecured creditors, excluding those not entitled to vote at a creditors' meeting and "insiders" as that term is defined in 11 U.S.C. Section 101(31) was filed with the Voluntary Petition.

**Local Rule 1007-2(a)(5)**

17. The Debtor has only one secured creditor, Stockaccess Holdings, SAS, 12 Rue de la Chausseé D'Antin, Paris 75009 France. The secured creditor has expressed a willingness to support the Debtor through the chapter 11 reorganization process. Discussions are underway for a subordination of the secured creditor's position to the benefit of the Debtor's non-profit and private customers, with whom the Debtor has long standing relationships.

**Local Rule 1007-2(a)(6)**

18. A balance sheet will be filed separately.

**Local Rule 1007-2(a)(7)**

19. There are no publicly held securities of the Debtor.

**Local Rule 1007-2(a)(8)**

20.     None of the Debtor's property is in the possession of any custodian, public officer, mortgagee, pledge, assignee of rents, or secured creditor, or any agent for such entity.

**Local Rule 1007-2(a)(9)**

21.     The Debtor is a party to a commercial office lease for offices located at 107 Norfolk Street, New York, New York.

**Local Rule 1007-2(a)(10)**

22.     The Debtor's substantial assets and books and records are located at 107 Norfolk Street, New York, New York.

**Local Rule 1007-2(a)(11)**

23.     The following legal action is pending against the Debtor:

*The New American Cinema Group, Inc. v. P8H, Inc. d/b/a Paddle 8, Valentine Uhovski Rameshkumar Ganeshan and Michael McClellan*

Supreme Court, State of New York, New York Co., Index No. 651594/2020.

Status: Complaint filed March 10, 2020.

**Local Rule 1007-2(a)(12)**

24.     The Debtor is currently being managed by its sole Board Member, Peter Rich. Mr. Rich is particularly appropriate for the role because he is a Certified Public Accountant with an active accounting practice who is extremely well versed in the art world. Mr. Rich has been a Board Member since 2019.

**Local Rule 1007-2(b)(1) and (2)**

25.     The estimated payroll for employees for the 30 days period filing the Petition Date is one hundred and twenty thousand dollars ($120,000).

26.     The estimated payroll for officers for the 30 days period filing the Petition Date is

zero $-0-.

**Local Rule 1007-2(b)(3)**

27.     The Debtor estimates that it will operate at a profit in the 30-day period following the filing of the chapter 11 petition.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Dated: Scarsdale, New York
       March 20, 2020

By: __*/s/ Peter Rich*_____
    Peter Rich, CPA