KIRBY AISNER & CURLEY LLP
*Proposed Attorneys for the Debtor*
700 Post Road, Suite 237
Scarsdale, New York 10583
(914) 401-9500
Dawn Kirby, Esq.

UNITED STATES BANKRUPTCY COUR
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:

P8H, INC. d/b/a PADDLE 8,

                        Debtor.
---------------------------------------------------------X

Chapter 11
Case No. 20-10809 (smb)

**MOTION FOR AN ORDER (I) SCHEDULING A PRELIMINARY
HEARING ON DEBTOR'S MOTION REQUESTING USE OF CASH
COLLATERAL PURSUANT TO 11 U.S.C. §363(c)(2) AND BANKRUPTCY
RULE 4001, (II) AUTHORIZING THE DEBTOR'S USE OF CASH
COLLATERAL ON AN INTERIM BASIS AND PROVIDING ADEQUATE
PROTECTION THEREFORE PURSUANT TO 11 U.S.C. §§361 AND 362,
AND (III) SCHEDULING A FINAL HEARING**

P8H, Inc. d/b/a Paddle 8, the above captioned debtor and debtor-in-possession (the "Debtor"), by its proposed attorneys, Kirby Aisner & Curley LLP and its sole board director, Peter Rich, file this motion (the "Motion") for entry of an Order (I) Scheduling a Preliminary Hearing on the Debtor's Motion Requesting the Use of Cash Collateral, (II) Authorizing Debtor's Use of Cash Collateral Pursuant to 11 U.S.C. §363 and Providing Adequate Protection Therefor Pursuant to 11 U.S.C. §§361 and 362 and (III) Scheduling a Final Hearing, respectfully state and represent as follows:

**Jurisdiction**

1.     This Court has jurisdiction over this Motion under 28 U.S.C. §§ 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these proceedings and this Motion is proper in this District pursuant to 28 U.S.C. §§1408 and 1409.

1

2. The statutory bases for the relief requested herein are §§ 105(a), 361, 362 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "<u>Bankruptcy Code</u>"), and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

## Background

3. On March 16, 2020, (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor has continued in possession of its property and the management of its business affairs as debtors-in-possession pursuant to §§1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or statutory committee has been appointed.

4. The Debtor is an online auction house selling fine art. Prior to seeking protection under Chapter 11 the Debtor suffered two obstacles. First, mistakes and/or mismanagement by its former CEO. Second, extremely aggressive and coercive tactics by a single creditor who threatened Debtor's key employees personally.

5. The Debtor anticipates making creditors whole through a negotiated subordination with its secured creditor, prosecution of a claim under the Debtors Directors & Officers insurance policy, and potentially obtaining additional funding or entering into a strategic partnership or sale that maximizes the value of the Paddle8 brand.

## The Stockaccess Holdings SAS Pre-Petition Secured Debt

6. On or about February 12, 2019, the Debtor, as Borrower, entered into a Term Loan Note in the amount of up to ten million dollars ($10,000,000.00) maturing on December 31, 2022, and a Secured Loan Agreement in favor of Oakley Capital International AG ("Oakley") (the "Loan Documents") in which Oakley extended credit to the Debtor at an interest rate of 7%. A copy of the Loan Documents is annexed as **Exhibit A**.

2

7. The Secured Loan Agreement provides that the following assets of the Debtor serve as collateral:

> All assets of the Borrower including, without limitation, Paddle8 brand, URL address and social network presence, as well as Paddle8 digital products and their underlying source code, servers as well as all of the Paddle8 fixed assets and customer databases (collectively, the "Collateral") of Borrower …"

8. On or about March 15, 2019, the Loan Documents were assigned (the "Assignment") from Oakley to Stockaccess Holdings SAS. A copy of the Assignment is annexed as **Exhibit B**.

9. The Debtor stipulates that the grant of security by the Debtor to Oakley as assigned to Stockaccess, pursuant to the Secured Loan Agreement was perfected by a UCC-1 financing statement filed with the New York Secretary of State on October 30, 2019. A copy of the UCC-1 Financing Statement is annexed as **Exhibit C.**

10. As of the Petition Date, the Debtor believes it is indebted to Stockaccess in the approximate amount of $8,538,992.20, subject to confirmation.

## Relief Requested

11. The Debtor submits this Motion pursuant to Bankruptcy Code §363(c)(2)(B) and 361 and 362 and Bankruptcy Rule 4001(b) with respect to the Debtor's request for authority to use property which may constitute Collateral in which Stockaccess is likely to assert a security interest, substantially in accordance with the terms and conditions set forth in the proposed Interim Stipulation and Order (the "Order") annexed hereto as **Exhibit D.** The Debtor believes that Stockaccess is the only party that may have a perfected security interest in the Debtor's property which may constitute, *inter alia*, Cash Collateral.

12. The proposed Order grants the Debtor the authority to use the Collateral pursuant to Bankruptcy Code §§363 (c)(1) and (2) and Bankruptcy Rule 4001(c) to the extent necessary to

continue the operation of its business and to preserve the value of its estate during the course of the Chapter 11 case.

13. Section 363(a) of the Bankruptcy Code states as follows:

"In this section, "cash collateral" means cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents, or profits of properties subject to a security interest as provided in Section 552(b) of this title, whether existing before or after the commencement of a case under this title."

14. Section 363(c)(1) of the Bankruptcy Code provides as follows:

"(c)(1) If the business of the debtor is authorized to be operated under section 721, 1108, 1304, 1203, or 1204 of this title and unless the court orders otherwise, the trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing".

15. Section 363(d) of the Bankruptcy Code provides as follows:

"(d) The trustee may use, sell, or lease property under subsection (b) or (c) of this section only to the extent not inconsistent with any relief granted under section 362(c), 362(e), or 362(f) of this title".

16. Accordingly, pursuant to § 363(c)(2) of the Bankruptcy Code, the consent of the Secured Creditors or authority from this Court is required to use Collateral in which they hold perfected security interests.

## Adequate Protection

17. The purpose of adequate protection is to ensure that the secured creditor receives the value for which it bargained pre-bankruptcy. In re Swedeland Development Group, Inc., 16 F.3d 552 (3rd Cir. 1994); In re Dunes Casino Hotel, 69 B.R. 784, 793 (Bankr, D.N.J. 1986), citing

4

In re Coors of the Cumberland, 19 B.R. 313 (Bankr. M.D. Tenn. 1982). See also, In re 495 Central Park Ave. Corp., 136 B.R. 626 (Bankr. S.D.N.Y. 1992). Adequate protection is designed to safeguard the secured creditor from diminution in the value of its interest during the Chapter 11 reorganization. In re Nice, 355 B.R. 554, 563 (Bankr. N.D. Va. 2006) ("adequate protection is solely a function of preserving the value of the creditor's secured claim as of the petition date due to a debtor's continued use of the collateral").

18.  Because the term "adequate protection" is not defined in the Bankruptcy Code, the precise contours of the concept are necessarily determined on a case-by-case basis. MBank Dallas, N.A. v. O'Connor (In re O'Connor), 808 F.2d 1393 (10th Cir. 1987). In re Snowshoe Co., 789 F.2d 1085, 1088 (4th Cir. 1086); In re Mosello, 195 B.R. 277, 289 (Bankr. S.D.N.Y. 1996); In re Beker Industries Corp., 58 B.R. 725 (Bankr. S.D.N.Y. 1986); see also In re JKJ Chevrolet, Inc. 190 B.R. 542, 545 (Bankr. E.D.Va. 1995) (adequate protection is a flexible concept that is determined by considering the facts of each case).

19.  The Order provides that, as adequate protection for the Debtor's use of Stockaccess' Collateral and in consideration for the use of the Collateral, the Debtor shall grant Stockaccess replacement liens in all of the Debtor's pre-petition and post-petition assets and proceeds, including the Collateral and the proceeds of the foregoing, to the extent that Stockaccess had valid security interests in said pre-petition assets on the Petition Date and in the continuing order of priority that existed as of the Petition Date (the "Replacement Liens").

20.  The Replacement Liens shall be subject and subordinate only to: (a) United States Trustee fees payable under 28 U.S.C. Section 1930 and 31 U.S.C Section 3717; (b) professional fees of duly retained professionals in this Chapter 11 case as may be awarded pursuant to Sections 330 or 331 of the Code or pursuant to any monthly fee order entered in the Debtor's

Chapter 11 case; (c) the fees and expenses of a hypothetical Chapter 7 trustee to the extent of $10,000; and (d) the recovery of funds or proceeds from the successful prosecution of avoidance actions pursuant to sections 502(d), 544, 545, 547, 548, 549, 550 or 553 ("Avoidance Actions") of the Bankruptcy Code (collectively, the "Carve-Outs").

21.     The Debtor submits that, in order to preserve the Debtor's estate and ensure the viability of the Debtor during the Chapter 11 case, Stockaccess should be granted Replacement Liens with the same nature, extent and validity of their pre-petition liens, subject to investigation by any creditors or committee appointed in the Debtor's Chapter 11 case.

### The Budget

22.     The Debtor proposes to use Collateral only for ordinary and necessary operating expenses substantially in accordance with the 13-week week operating budget to-be-provided prior to the hearing on this Motion (the "Budget"). The Debtor believes the Budget will include all reasonable, necessary and foreseeable expenses to be incurred in the ordinary course of operating the Debtor's business for the period set forth in the Budget. The Debtor believes the use of Collateral in accordance with the Budget will provide the Debtor with adequate liquidity to pay the limited administrative expenses as they become due and payable during the period covered by the Budget.

### LEGAL BASIS FOR RELIEF REQUESTED

23.     Typically, a motion for authority to use cash collateral may commence no earlier than 14 days after service of the motion pursuant to Bankruptcy Rule 4001(b)(2). However, that same rule provides that the court may conduct a preliminary hearing before such 14-day period expires under certain circumstances.

24.     Federal Rule of Bankruptcy Procedure 9006(c) provides as follows:

(c) *Reduction.*

(1) *In General.* Except as provided in paragraph (2) of this subdivision, when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced.

(2) *Reduction Not Permitted.* The court may not reduce the time for taking action under Rules 2002 (a)(4) and (a)(8), 2003(a), 3002(c), 3014, 3015, 4001(b)(2), (c)(2), 4003(a), 4004(a), 4007(c), 8002, and 9033(b).

25. Thus, the Federal Rules of Bankruptcy Procedure specifically authorize the Court to hear an application such as the Application herein on shortened notice, for cause shown.

26. The Debtor respectfully submits that sufficient cause exists for scheduling a hearing on shortened notice to consider the Application and refers the Court to the Affirmation of Dawn Kirby, Esq. pursuant to Local Bankruptcy Rule 9077-1(a) in support of an order scheduling hearing on shortened notice, submitted herewith.

## Request For Waiver Of Stay

27. The Debtor further seeks a waiver of the stay of the effectiveness of the Order that may be imposed by any applicable Bankruptcy Rule. As set forth above, the use of Collateral is essential to prevent potentially irreparable damage to the Debtor's value and ability to reorganize. Accordingly, the Debtor submits that sufficient cause exists to justify a waiver of any stay imposed by the Bankruptcy Rules, to the extent applicable.

## Notice

28. This Motion is being served on notice to the Secured Creditor, all other parties asserting secured claims against the Debtor, the United States Trustee and all other parties entitled to notice pursuant to Bankruptcy Rule 4001(d), including but not limited to the Debtor's twenty (20) largest unsecured creditors.

**WHEREFORE**, the Debtor respectfully requests use of cash collateral in accordance with the terms of the annexed proposed Order and this Application, together with such other and further relief as is just and proper under the circumstances.

Dated: Scarsdale, New York
       March 23, 2020

Respectfully submitted,

KIRBY AISNER & CURLEY LLP
*Proposed Attorneys for the Debtor*
700 Post Road, Suite 237
Scarsdale, New York 10583
(914) 401-9500

By: */s/ Dawn Kirby*
         Dawn Kirby

P8H, INC. d/b/a PADDLE 8,

          */s/ Peter Rich*
By:_____
     Peter Rich, Board Member