## ASSIGNMENT AND ASSUMPTION AGREEMENT

This **ASSIGNMENT AND ASSUMPTION AGREEMENT** (this "**Agreement**"), dated March 15, 2019 (the "**Effective Date**"), is entered into by and between **OAKLEY CAPITAL INTERNATIONAL AG**, a Swiss joint stock company registered at 48 Gerbergasse CH-4001 Basel, Switzerland ("**OCI**"), and **STOCKACCESS HOLDINGS SAS**, a French joint stock company registered at 12, rue de la Chaussée d'Antin, 75009, Paris, France ("**SAH**").

**WHEREAS**, OCI is the sole creditor to P8H Inc (also known as Paddle8), the US corporation with its registered address at 107 Norfolk Street, 10002, New York, NY, USA under the loan facility agreement dated March 8, 2019 ("Loan");

**WHEREAS**, SAH wishes to assume this Loan and OCI wishes to assign this Loan based on the terms and conditions specified herein;

**NOW, THEREFORE**, in consideration of the mutual covenants and agreements set forth in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto hereby agree as follows:

**Section 1.    Assignment and Assumption of Rights**. OCI hereby irrevocably transfers, conveys, assigns, and delivers to SAH all of OCI's rights, title, and interest in the Loan.

SAH hereby accepts the Loan assignment from the OCI and assumes any and all rights, title, and interest transferred, conveyed, assigned, and delivered in connection therewith.

**Section 2.    Covenants**. Without further consideration, OCI shall execute and deliver to SAH such other instruments of transfer, conveyance, assignment, and confirmation, provide such materials and information and take such other actions as SAH may reasonably deem necessary or desirable in order to effectively transfer, convey, and assign to SAH, and to confirm SAH's title to, OCI's Loan, and, to the fullest extent permitted by law, to put SAH in actual possession and operating control of the Loan and to assist SAH in exercising all rights with respect thereto.

**Section 3.    Assignment Consideration**. In exchange for the completion of the Loan assignment, SAH agrees to issue to OCI 20 SAH bonds at EUR 500,000 par value each for an aggregate amount of EUR 10,000,000 at par value ("Bonds"), with the Bonds to be eligible for trading and settlement over Clearstream, having a tenor of five years and paying a semiannual interest based on the annual 7% interest rate.

**Section 4.    Governing Law**. The interpretation and construction of this Agreement, and all matters relating hereto, shall be governed by the laws of the State of New York without reference to its conflict of laws provisions.

**Section 5.    Severability**. In the event any provision of this Agreement is found to be void and unenforceable by a court of competent jurisdiction, the remaining provisions of this Agreement shall nevertheless be binding upon the parties with the same effect as though the void or unenforceable part had been severed and deleted.

3999973v2 018037.0103

**Section 6.**   **Counterparts**.   This Agreement may be executed in two or more counterparts, all of which taken together shall constitute one instrument.  An electronically transmitted signature or affirmation of execution shall constitute an original signature.

**Section 7.**   **Agreement Supersedes**.  This Agreement supersedes all prior and contemporaneous agreements and understandings between the parties hereto with respect to such subject matter.

**Section 8.**   **Amendments**.  This Agreement may only be amended, modified, or supplemented by an agreement in writing signed by OCI and SAH.

[*Signature page follows*.]

2

3999973v2 018037.0103

      **IN WITNESS WHEREOF**, the parties hereto have caused this Agreement to be duly executed, as of the day and year first written.

**OACKLEY CAPITAL INTERNATIONAL AG**

By: _____*[signature]*_____
Name:  SERGEY SKATERSCHIKOV
Title:  MANAGING DIRECTOR


**STOCKACCESS HOLDINGS SAS**

By: _____*Gajny Magdalena*_____
Name:  MAGDALENA GAJNY
Title: DIRECTOR