UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

P8H, INC. d/b/a Paddle8,

                          Debtor.
-------------------------------------------------------------X

Chapter 11
Case No. 20-10809 (rdd)

### INTERIM STIPULATION AND ORDER AUTHORIZING USE OF CASH COLLATERAL BY DEBTOR PURSUANT TO 11 U.S.C. SECTION 363

**UPON** the application ("Application") of P8H, Inc. d/b/a Paddle8, the above-captioned debtor and debtor-in-possession (the "Debtor") which seeks authority to, inter alia, use cash collateral in which Stockaccess Holdings SAS ("Stockaccess") has asserted a perfected security interests pursuant to 11 U.S.C. Sections 363(c)(2) and 361 and Federal Rules of Bankruptcy Procedure 4001; and a hearing having been held on March _____, 2020 (the "Interim Hearing"), and all objections to the Application having been withdrawn, overruled or resolved, and upon the record taken at the Interim Hearing, and all of the pleadings heretofore filed in this proceeding, it is hereby found and determined as follows:

    A.   On or about March 16, 2020 (the "Petition Date") the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Code"), and has continued in possession of its property and the management of its business pursuant to 11 U.S.C. §§1107 and 1108.

    B.   As of the date hereof, the Office of the United States Trustee has not appointed an Official Creditors' Committee as provided for in Section 1102 of the Code. No trustee or examiner has been heretofore appointed in this proceeding.

    C.   The Debtor is an online art auction business.

1

D. The Debtor stipulates that on or about February 12, 2019, the Debtor, as Borrower, entered into a Term Loan Note in the amount of up to ten million dollars ($10,000,000.00) maturing on December 31, 2022, and a Secured Loan Agreement in favor of Oakley Capital International AG ("Oakley") (the "Loan Documents") in which Oakley extended credit to the Debtor at an interest rate of 7%. A copy of the Loan Documents is annexed as **Exhibit A**.

E. The Debtor stipulates that on or about March 15, 2019, the Loan Documents were assigned (the "Assignment") by Oakley to Stockaccess Holdings SAS. A copy of the Assignment is annexed as **Exhibit B**.

F. The Debtor stipulates that the grant of security by the Debtor to Oakley as assigned to Stockaccess, pursuant to the Secured Loan Agreement was perfected by a UCC-1 financing statement filed with the New York Secretary of State on October 30, 2019, which has continued and has not lapsed.

G. As of the Petition Date, the Debtor stipulates that it is indebted to Stockaccess in the approximate amount of $_____.

H. The use of the Debtor's assets which constitute Stockaccess's collateral (the "Cash Collateral") is essential to the continued operation of Debtor's business, and the preservation of Debtor's estate.

I. Continued use of the Cash Collateral on an interim basis pending a final hearing is necessary to prevent immediate and irreparable harm to the Debtor's estate in that without authorization to use the Cash Collateral, the Debtor's ability to sustain its operations and meet its current necessary and integral business obligations will be impossible.

J.  The value of Debtor's estate will be maximized by the continuation of Debtor as a going business, and the use of the Cash Collateral is essential to such operation.

**BASED UPON THE FOREGOING,** it is hereby ORDERED as follows:

1.  Preliminarily, pending a final hearing on the Application on _____, 2020 at ____:00 a.m./p.m. (the "Final Hearing"), the Motion is GRANTED on an interim basis. Effective *nunc pro tunc* as of March 16, 2020 continuing through and including the Final Hearing date (the "Interim Period"), the Debtor is authorized to use the Cash Collateral on an interim basis subject to the terms of this Order and in accordance with the budget annexed to the Application as Exhibit E, subject to a 10% variance or upon further consent of Stockaccess or further order of this Court. At the Final Hearing, the Court will consider the Debtor's request to use Collateral after the Interim Period.

2.  This Court has jurisdiction over these proceedings and the parties and property affected hereby pursuant to 28 U.S.C. §1334 and this is a "core" proceeding pursuant to 28 U.S.C. §157. Venue is proper in this Court pursuant to 28 U.S.C. §1408. Notice of relief sought herein was adequate and appropriate in the current circumstances of this Chapter 11 case as contemplated by 11 U.S.C. §102(1)(A) and Fed. R. Bankr. P. 4001(b)(2).

3.  In addition to the existing rights and interests of Stockaccess in the Collateral and for the purpose of adequately protecting them from Collateral Diminution,[1] Stockaccess is hereby granted replacement liens ("Replacement Liens"), to the extent that said liens were valid, perfected and enforceable as of the Petition Date in the continuing order of priority of its pre-petition liens

---

[1] "Collateral Diminution" shall mean any diminution in value of Stockaccess's interests in Debtor's property as of the Petition Date by reason of Debtor's use of Cash Collateral in accordance with this Order.

without determination herein as to the nature, extent and validity of said pre-petition liens and claims and to the extent Collateral Diminution occurs during the Chapter 11 case, subject to: (i) the claims of Chapter 11 professionals duly retained in the Chapter 11 case and to the extent awarded pursuant to Sections 330 or 331 of the Code; (ii) United States Trustee fees pursuant to 28 U.S.C. Section 1930 and 31 U.S.C. Section 3717 and any Clerk's filing fees; (iii) fees and expenses incurred in connection with any investigation of the nature, extent and validity of Stockaccess' liens and security interests in an amount not to exceed $10,000; and (iv) the fees and commissions of a hypothetical Chapter 7 trustee in an amount not to exceed $10,000. In addition, the Replacement Liens granted hereby shall not attach to the proceeds of any recoveries of estate causes of action under Sections 542 through 553 of the Code. The Debtor shall not be required to make adequate protection payments to Stockaccess during this first Interim Period.

4.  The Debtor and Stockaccess agree that, except as otherwise provided herein, all of the terms and provisions of the Loan Documents are deemed to be valid, binding and enforceable against the Debtor as if same had been re-executed by the Debtor and Stockaccess, subject to further Order of the Court.

5.  The security interests and liens herein granted and regranted: (i) are and shall be in addition to all security interests, liens and rights of set-off existing in favor of Stockaccess on the Petition Date; (ii) shall secure the payment of indebtedness to Stockaccess in an amount equal to the aggregate Collateral used or consumed by the Debtor; and (iii) shall be deemed to be perfected without the necessity of any further action by Stockaccess or the Debtor. Without limitation, therefore, Stockaccess shall not be required to file financing statements or other documents in any jurisdiction or take any other action to validate or perfect the liens and security interests granted

by this Order.

6. Stockaccess reserves the right to hereafter request additional adequate protection and to object to the adequacy of the adequate protection granted herein.

7. The Debtor shall maintain all necessary insurance, including, without limitation, life, fire, hazard, comprehensive, public liability, and workmen's compensation as may be required, and obtain such additional insurance in an amount as is appropriate for the businesses in which the Debtor is engaged. The Debtor shall provide Stockaccess with proof of coverage, as well as prompt notification of any change in such coverage which may hereafter occur.

8. Notwithstanding anything to the contrary in this Order, the Debtor's authority to use the Collateral pursuant to this Order shall terminate immediately and automatically, (a) upon the fifth (5th) business day following the delivery of written notice to the Debtor, its bankruptcy counsel, counsel to any official committee of unsecured creditors or, if no committee has been appointed, then to the Debtor's 20 largest unsecured creditors, and the Office of the United States Trustee, by Stockaccess of any breach or default by the Debtor of the terms and provision of this Order, unless the Debtor shall have cured such breach or default within such five (5) business day period or has sought a determination by the Court that no such default exists or related relief, or (b) without notice of any kind upon the entry of an order of the Court providing for the dismissal or conversion of the Chapter 11 case to a Chapter 7 case or appointment of a trustee without the written consent of Stockaccess.

9. The provisions of this Order shall remain in full force and effect unless modified or vacated by subsequent order of this Court with the consent of Stockaccess and the Debtor. If any or all of the provisions of this Order are hereafter modified, vacated, or stayed by subsequent order

of this Court or any other court, such stay, modification or vacation shall not affect the validity and enforceability of any lien, priority or benefit, or application of payment authorized hereby with respect to any indebtedness of the Debtor to Stockaccess.

10. The findings contained in this Order are binding upon the Debtor and all parties in interest (including but not limited to any statutory committee appointed in the chapter 11 case), and any application of Collateral under this Order shall be indefeasible, unless (a) an adversary proceeding or contested matter challenging the validity, enforceability or priority of the Collateral, the prepetition obligations to Stockaccess (the "Prepetition Obligations"), the Replacement Liens, or the liens securing the Prepetition Obligations (the "Prepetition Liens") is properly commenced no later than ninety (90) days from the entry of a final order, and (b) a final order is entered in favor of the plaintiff or movant in any such timely and properly filed adversary proceeding or contested matter. If no such adversary proceeding or contested matter is properly commenced as of such date, the Collateral and the Prepetition Obligations shall constitute allowed claims for all purposes in the chapter 11 case and any subsequent Chapter 7 case, the Replacement Liens and the Prepetition Liens shall be deemed legal, valid, binding, perfected, and the Collateral, the Prepetition Obligations, the Replacement Liens, and the Prepetition Liens shall not be subject to avoidance or any other similar challenge by any party in interest seeking to exercise the rights of the Debtor's estate, including, without limitation, and successor(s) thereto. If any such proceeding or contested matter is properly commenced, the Bankruptcy Court shall determine the validity, enforceability, and priority of the Collateral, the Prepetition Obligations, the Replacement Liens and the Prepetition Liens, but only with respect to and to the extent of the objections raised in such adversary proceeding or contested matter, and all other matters and objections not raised in such

adversary proceeding or contested matter shall be deemed forever waived.



11. This Order shall be binding upon any subsequently appointed or elected trustee in a successor case under Chapter 7 of the Code.

12. The Bankruptcy Court shall retain jurisdiction with respect to all matters pertaining to this Order.

13. Objections to the final relief requested in the Application shall be made in writing, filed with the Bankruptcy Court at the Court's website www.nysb.uscourts.gov (log in and password required), with a copy delivered directly to the chambers of the Honorable Martin Glenn, and served upon Kirby Aisner & Curley LLP, 700 Post Road, Suite 237, Scarsdale, New York 10583, attn: Dawn Kirby, Esq., so as to be received no later than _____, 2020 at 4:00 p.m.

KIRBY AISNER & CURLEY LLP  
*Attorneys for the Debtor*  
700 Post Road, Suite 237  
Scarsdale, New York 10583  
(914) 401-9500  

By:_____  
   Dawn Kirby, Esq.

ESPOSITO LAW, PLLC  
*Attorneys for the Secured Creditor*  
275 Madison Ave., 14th Fl.  
New York, New York 10016  
(212) 537-3896  

By:_____  
   Frank Esposito, Esq.

SO ORDERED THIS ____  
DAY OF MARCH 2020