| | |
|---|---|
| KIRBY AISNER & CURLEY LLP<br>*Proposed Counsel for the Debtor*<br>700 Post Road, Suite 237<br>Scarsdale, New York 10583<br>(914) 401-9500<br>Dawn Kirby, Esq.<br>Julie Cvek Curley, Esq. | *Hearing Date:*<br>*Hearing Time:* |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

P8H, INC. d/b/a PADDLE 8,

                    Debtor.

Chapter 11

Case No. 20-10809 (smb)

------------------------------------------------------------X

**MOTION OF THE DEBTOR FOR AN ORDER (A) AUTHORIZING THE DEBTOR TO (1) PAY AND HONOR CERTAIN PREPETITION CLAIMS FOR (I) WAGES, SALARIES, EMPLOYEE BENEFITS AND OTHER COMPENSATION, (II) WITHHOLDINGS AND DEDUCTIONS AND (III) REIMBURSABLE EXPENSES; (2) CONTINUE TO PROVIDE EMPLOYEE BENEFITS IN THE ORDINARY COURSE OF BUSINESS; (3) PAY ALL RELATED COSTS AND EXPENSES; AND (B) DIRECTING BANKS TO RECEIVE, PROCESS, HONOR AND PAY ALL CHECKS PRESENTED FOR PAYMENT AND ELECTRONIC PAYMENT <u>REQUESTS RELATING TO THE FOREGOING</u>**

**TO:  HONORABLE STUART M. BERNSTEIN,
       UNITED STATES BANKRUPTCY JUDGE:**

P8H, Inc. d/b/a Paddle 8 (the "<u>Debtor</u>"), by its proposed attorneys Kirby Aisner & Curley LLP, hereby submits this motion (the "<u>Motion</u>") for authority to, *inter alia*, (1) pay and honor certain prepetition claims for (i) wages, salaries, employee benefits and other compensation, (ii) withholdings and deductions and (iii) reimbursable expenses; (2) continue to provide employee benefits in the ordinary course of business; (3) pay all related costs and expenses; and (B) directing banks to receive, process, honor and pay all checks presented for payment and electronic payment

requests relating to the foregoing. In support of this Motion, the Debtor respectfully states as follows:

## JURISDICTION

1. The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are §§ 105(a), 363(b), 507(a)(3) and 507(a)(4) of title 11 of the United States Code (the "Bankruptcy Code").

## BACKGROUND

3. On March 16, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. The Debtor is managing its property as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

5. No trustee, examiner, or committee of creditors has been appointed in this case.

6. The Debtor is an online auction house selling fine art, focusing on art pieces priced between $1,000 and $100,000. The Debtor partners with non-profit organizations worldwide to present their benefit auctions online.

## RELIEF REQUESTED

7. The Debtor employs approximately 25 employees (the "Employees"). The Employees are critical to the successful reorganization of the Debtor as they are essential to the Debtor's continued day to day operations. Specifically, the Employees perform a variety of critical functions, including catalogers, auctioneers, IT, human resources, administrative, supervisory, sales, management, and other tasks.

8. In order to minimize the personal hardship that the Employees will suffer if prepetition employee-related obligations are not paid when due, and to maintain morale and an essential workforce during this critical time, the Debtor is hereby seeking authority, in its discretion, to pay and honor certain prepetition claims for, among other items, wages, salaries, bonuses and other compensation, federal and state withholding taxes and other amounts withheld (e.g., garnishments, Employees' share of insurance premiums, taxes and 401(k) contributions), Employee health benefits, insurance benefits, workers' compensation benefits, vacation time and all other Employee benefits that the Debtor has historically provided in the ordinary course of business (collectively, and as more fully described in this Motion, the "<u>Wages and Benefits</u>"), and to pay all fees and costs incident to the foregoing, including amounts to third-party administrators, temporary employment agencies and temporary Employees.

9. The Debtor's payroll records for the prior pay period is annexed hereto as **Exhibit "A"** which is illustrative of the Debtor's typical payroll. The Debtor's payroll records for the current pay period for which the Debtor is seeking approval pursuant to this Motion, will end on Friday, March 20 and be finalized by Tuesday, March 24 and will be filed with the Court at that time, and prior to the hearing on this Motion. The Debtor's employees are salaried, hourly, and commissioned employees. The Debtor pays its employees every Friday for services rendered for the two week period through the previous Friday. Therefore, on March 27, 2020, the Debtor is required to remit to its employees, wages, salary, commissions and other compensation for the period Saturday, March 7, 2020 through Friday, March 20. Nine of these days (March 7-15) occurred prior to the Petition Date.

10. In addition, the Debtor seeks authority to modify, change and discontinue any of the Wages and Benefits, as well as any other employment related policies, wages or benefits in the

3

ordinary course of business during this Chapter 11 Case, in its discretion, without the need for further Court approval.

11. Finally, the Debtor requests that banks and other financial institutions be authorized and directed to receive, process, honor and pay all checks presented for payment and electronic payment requests relating to the foregoing.

## I. EMPLOYEE COMPENSATION

### A. Unpaid Compensation.

12. The Debtor's average aggregate bi-weekly compensation for Employees, including wages, salaries and fees, is approximately $76,000. The vast majority of the Employees are paid in arrears on a bi-weekly basis, with direct deposits or checks issued on the Friday of the following bi-weekly period.

13. As of the Filing Date, some of the Debtor's Employees have not been paid all of their prepetition wages for a variety of reasons including payroll checks not yet issued for payment or not yet cleared, variations in payroll schedules and simple administrative errors in amounts owed versus amounts paid.

14. The Debtor's payroll due to fund on March 27, 2020 covers the period of Saturday, March 7 through Friday, March 20 and is expected to total approximately $76,000 in accrued wages, salaries, and other compensation (excluding reimbursable expenses, vacation pay, severance pay, deferred compensation and incentive bonus pay), most of which was earned by the Employees prior to the Petition Date (the "Unpaid Compensation"). A copy of the payroll report will be filed with the Court as soon as practicable following the end of the payroll period. The Debtor seeks authority, in its discretion, to pay such Unpaid Compensation to the Employees.

15. Of all the Employees who may have Unpaid Compensation as of the Petition Date,

none of the employees exceed the $12,850 priority cap contained in § 507(a)(4) of the Bankruptcy Code.

16. For the reasons discussed below, the Debtor is requesting authority to pay such Unpaid Compensation claims.

**B.  Continued Remittance and Payment of Payroll Deductions.**

17. In connection with the payment of Wages and Benefits to Employees, the Debtor routinely deducts certain amounts from paychecks, including, without limitation, direct banking deposits, payments, domestic support obligations, pre and post tax deductions, benefit plan contributions, insurance premiums, retirement plan contributions (collectively, the "Deductions"). In most instances, the Debtor then forward these Deductions to various third- parties.

18. Accordingly, the Debtor seeks authority, in its discretion, to continue to forward these prepetition Deductions (which the Debtor holds in trust and does not believe constitute property of the Debtor's estate) to the applicable third-party recipients on a postpetition basis, in the ordinary course of business, as routinely done prior to the Petition Date.

19. The Debtor is also required to withhold certain federal, state and local income taxes, social security, Medicare taxes and other amounts from their Employees' wages for remittance, along with certain required employer contributions, to the proper taxing authority ("Payroll Taxes").

20. Before the Filing Date, the Debtor withheld amounts from Employee's earnings for the Payroll Taxes, but such funds may not have been forwarded to the appropriate taxing authorities prior to the Petition Date. The Debtor is seeking authority, in its discretion, to continue to honor and process the prepetition obligations with respect to the Payroll Taxes on a postpetition basis, in the ordinary course of business, as routinely done prior to the Petition Date.

5

## II. EMPLOYEE BENEFITS

21. The Debtor has established various plans and policies to provide its Employees with health benefits, insurance coverage and other important benefits in the ordinary course of business. It is crucial that the Debtor be able to continue to provide these benefits to the Employees and the Employees rely on the provision of benefits as an incident of their employment. Disruption to the provision of benefits could cause the loss of critical Employees on which the Debtor relies.

### A. Health Benefits

22. Specifically, the Debtor provides their full-time Employees with various health benefits, including medical coverage.

23. By this Motion, the Debtor is seeking authority, in its discretion, to (a) continue the Health Benefits for its Employees in the ordinary course of business on a postpetition basis, (b) modify its prepetition policies relating thereto as they deem appropriate, (c) continue making the above-described contributions to such Health Benefits programs, (d) continue to pay fees of third-party administrators, including, but not limited to Erisa Compliance, as necessary and (e) pay any amounts related thereto, including any premiums and claim amounts that (i) accrued prepetition and (ii) accrued postpetition but relate to the prepetition period.

### B. Workers Compensation

24. The Debtor also maintains workers' compensation liability coverage, which are required by applicable State law. Generally, the Debtor's workers' compensation programs are self-insured up to $1,000,000.00 per claim, and are administered by Federal Insurance Company.

25. Furthermore, certain benefits under the workers' compensation programs may have been awarded prepetition, but have yet to be fully paid by the Debtor and some have yet to be resolved. In order for the claims administration process to operate in an efficient manner and to

6

ensure that the Debtor complies with state law requirements, claim assessment, determination and adjudication must continue.

26. By this Motion, the Debtor is seeking authority, in its discretion, to (a) continue to maintain its Workers' Compensation Programs in the ordinary course of business, including payment of third-party administrators' fees, (b) modify its prepetition policies relating thereto as it deems appropriate and (c) pay any amounts related thereto that (i) accrued prepetition and (ii) accrued postpetition but relate to the prepetition period.

### C. Paid Time Off and Holidays

27. The Debtor provides paid time off to all full-time Employees ("PTO"), which varies based on the Employees' location, position and seniority. PTO for Employees is accrued based on time worked and years of service, and when used, Employees are paid at their regular hourly or salaried rates. Under certain circumstances, and in accordance with various state laws, Employees may be paid for their unused Vacation Time upon termination or resignation. Additionally, Employees must generally take Vacation Time in the employment year for which it is accrual, and unused Vacation Time generally cannot be carried forward or paid out at the end of a year. Temporary or part-time Employees are not entitled to paid Vacation Time.

28. Generally Employees are not required to work on certain federal holidays.

29. By this Motion, the Debtor is seeking authority, in its discretion, to (a) continue to honor its PTO and Holiday policies in the ordinary course of business, (b) modify its prepetition policies relating thereto as they deem appropriate and (c) honor and pay any obligations related thereto that (i) accrued prepetition and (ii) accrued postpetition but relate to the prepetition period.

### D. Paid Leave

30. The Debtor also offers its Employees paid leave under certain special circumstances

7

(the "Paid Leave"). Examples of the Paid Leave include, but are not necessarily limited to, the following:

> (a) **Bereavement Leave**. In the event of the death of an immediate family member, certain full-time Employees may take up to two (2) paid days off.
>
> (b) **Jury Duty Pay**. Generally, all Employees required to serve jury duty will be paid their regular pay for a maximum of one (1) week of their jury duty obligation.

31. By this Motion, the Debtor is seeking authority, in its discretion, to (a) continue to provide the Paid Leave, (b) modify its prepetition policies relating thereto as it deems appropriate and (c) honor and pay any amounts and obligations relating thereto that (i) accrued prepetition and (ii) accrued postpetition but relate to the prepetition period.

## BASIS FOR RELIEF

### A. Ample Cause Exists For the Court to Authorize the Debtor to Pay Employee Wages and Honor Employee Benefits Programs.

32. Pursuant to §§ 363(b) and 105(a) of the Bankruptcy Code, the Debtor seeks authority to continue its Wages and Benefits policies and programs on a postpetition basis, and to pay all of its obligations owed thereunder in the ordinary course of business as of the Filing Date, without regard to whether such obligations accrued before or after the Filing Date.

33. Courts in this district have routinely granted the relief requested herein. *See, e.g., In re Dana Corp.,* Case No. 06-10354 (BRL) (Bankr. S.D.N.Y. March 3, 2006); *In re Musicland Holding Corp.,* Case No. 06-10064 (SMB) (Bankr. S.D.N.Y. Feb. 1, 2006); *In re Calpine Corp.,* Case No. 05-60200 (BRL) (Bankr. S.D.N.Y. Dec. 21, 2005); *In re Delphi Corp.*, Case No. 05-44481 (RDD) (Bankr. S.D.N.Y. Oct. 13, 2005); *In re Delta Air Lines*, Case No. 05-17923 (PCB) (Bankr. S.D.N.Y. Sept. 16, 2005).

34. §105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11

8

U.S.C. § 105(a). §105(a) is frequently cited as a basis to authorize the relief sought herein. *See, In re Chateaugay Corp.,* 80 B.R. 279, 287 (S.D.N.Y. 1987) (affirming a bankruptcy court order authorizing the debtor to pay prebankruptcy wages, salaries, employee benefits, reimbursements and workers' compensation claims and premiums).

35. The Court may also grant the relief requested herein pursuant to § 363 of the Bankruptcy Code which provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). In order to do so, "the debtor must articulate some business justification, other than the mere appeasement of major creditors," *In re Ionosphere Clubs, Inc.,* 98 B.R. at 175. Here, the Debtor has a significant workforce on which it relies heavily. Payment of the Wages and Benefits to the Employees is critical in order to maintain its workforce and move towards a successful reorganization.

36. This Court and other courts have authorized debtors to pay certain prepetition claims pursuant to § 363 of the Bankruptcy Code. *See, In re Dana Corp.,* Case No. 06-10354 (BRL); *In re Calpine Corp.,* Case No. 05-60200 (BRL).

37. The Debtor submits that grounds exist to grant the request to pay prepetition amounts related to Wages and Benefits policies and programs.

38. The Debtor also believes that the vast majority of the amounts related to Wages and Benefits that it seeks to pay pursuant to this Motion are entitled to priority status under §§507(a)(4) and 507(a)(5) of the Bankruptcy Code and do not exceed $12,850 for any individual Employee. As such, the Debtor is required to pay these claims in full to confirm a plan of reorganization. *See* 11 U.S.C. § 1129(a)(9)(B) (requiring payment of certain allowed priority claims for wages,

9

salaries, and commissions, and certain allowed unsecured claims for contributions to an employee benefit plan).

39.     Accordingly, granting the relief sought herein would only affect the timing, and not the amount, of the payment with respect to the Wages and Benefits.

40.     The Debtor's request for authorization to continue to honor and remit Deductions, Payroll Taxes and other Withheld Amounts should also be approved. Such amounts principally represent Employee earnings that governments (in the case of taxes), Employees (in the case of voluntarily withheld amounts) and judicial authorities (in the case of involuntarily withheld amounts) have designated for deduction from Employees' paychecks. The failure to pay these benefits could result in hardship to certain Employees as well as administrative problems for the Debtor.

41.     Additionally, the failure to remit Payroll Taxes and other Withheld Amounts may subject the Debtor and its directors and officers to federal or state liability. Furthermore, because such funds do not constitute property of the Debtor's estate, the funds are not subject to the normal bankruptcy prohibitions against payment.

42.     The Debtor therefore requests authority to transmit such withheld amounts to the proper parties and authorities in the ordinary course of business.

43.     Finally, the Debtor does not to seek to assume any executory contracts or obligations at this time, and therefore, nothing contained in this Motion should be deemed to be an assumption or adoption of any policy, procedure or executory contract that may be described or referenced herein. Also, the Debtor will retain the discretion to not make the payments contemplated by this Motion for particular Employees, and nothing in this Motion will, in and of itself, constitute a promise or guarantee of any payment to any Employee.

B. **The Court Should Authorize the Debtor's Financial Institutions to Honor Checks and Electronic Fund Transfers Relating to Employee Wages and Benefits.**

44. The Debtor requests that all applicable banks and other financial institutions be authorized and directed to receive, process, honor and pay all checks presented for payment, and to honor all fund transfer requests made by the Debtor relating to the Wages and Benefits policies and programs, whether such checks were presented or fund transfer requests were submitted prior to or after the Petition Date.

45. For the foregoing reasons, the Debtor believes that granting the relief requested herein is appropriate and in the best interests of all parties in interest.

## RESERVATION OF RIGHTS

46. Notwithstanding anything in this Motion or the Order to the contrary, the payment of any claims pursuant to the Order (if entered by the Court) and other honoring of the Employee Wages and Benefit claims shall neither (i) make such obligations administrative expenses of the estates entitled to priority status under §§ 503 and 507 of the Bankruptcy Code nor (ii) constitute approval by this Court of any employee plan or program under any section of the Bankruptcy Code, including § 503(c). Also, the extent the Debtor seeks to assume any employee programs, prior to the confirmation of any plan of reorganization, the Debtor will seek such assumption by separate motion.

## REQUEST FOR RELIEF IS NECESSARY TO AVOID IRREPARABLE HARM

47. Pursuant to Bankruptcy Rules 4001(b)(2) and (c)(2), a minimum of 14 days' notice is required before a final hearing on this Motion may commence. Bankruptcy Rule 4001(b)(2), (c)(2) also provides, however, that the Court may conduct a hearing before such 14-day period expires, and may authorize the use of only that amount of Cash Collateral necessary

to avoid immediate and irreparable harm to the estate pending a final hearing. Fed. R. Bankr. P. 4001(c)(2).

48.  As set forth in the accompanying Declaration of Peter Rich pursuant to Local Bankruptcy Rule 9077-1, it is essential to the continued operation of its business that the Debtor be authorized by this Court to satisfy these wages pending the final hearing. Should the Debtor not pay its Employees, the Debtor risks losing its work force and the Debtor's attempts to maximize its value for the benefit of creditors would be immediately and irreparably jeopardized.

49.  As is apparent from the foregoing, the interim relief requested in this Motion, pending the Final Hearing, is necessary, appropriate and fully warranted, and is essential to avoid immediate and irreparable harm to the Debtor, its estate and its creditors.

50.  The Debtor will provide notice of this Motion by electronic transmission pursuant to Bankruptcy Rule 4001 to: (i) the Debtor's twenty (20) largest unsecured creditors; (ii) the Office of the United States Trustee for Region 2; (iii) the Secured Creditors; (vi) the Internal Revenue Service; (viii) the United States Attorney's Office for the Southern District of New York; and (viii) the New York State Department of Taxation and Finance. The Debtor respectfully submits that such notice is sufficient and requests that this Court find that no further notice of the relief requested herein is required.

## NOTICE WITH RESPECT TO THE FINAL HEARING AND FINAL ORDER

51.  The Debtor also proposes to serve a copy of the Interim Order by first class mail, within two (2) days after entry of the Interim Order, upon: (i) the Debtor's twenty (20) largest unsecured creditors; (ii) the Office of the United States Trustee for Region 2; (iii) the Secured Creditors; (iv) the Internal Revenue Service; (v) the United States Attorney's Office for the Southern District of New York; (vi) the New York State Department of Taxation and

Finance; and (vii) all parties that have filed notices of appearances and requests for notices in the Debtor's chapter 11 case.

52. The Debtor respectfully submits that such notice is sufficient, and requests that this Court find that no further notice of the Interim Order, the Final Hearing, the Final Order and all proceedings to be held in connection therewith is required.

53. No previous request for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Debtor respectfully requests that the Court enter the Order, substantially in the form attached hereto as **Exhibit "B"**, (A) authorizing, but not directing, the Debtor to (1) pay and honor certain prepetition claims for (i) wages, salaries, employee benefits and other compensation, (ii) withholdings and deductions and (iii) reimbursable expenses; (2) continue to provide employee benefits in the ordinary course of business; (3) pay all related costs and expenses; (B) directing banks to receive, process, honor and pay all checks presented for payment and electronic payment requests relating to the foregoing; and (C) granting such other and further relief as the Court deems appropriate

Dated: Scarsdale, New York
       March 20, 2020

                                          KIRBY AISNER & CURLEY LLP
                                          *Proposed Attorneys for the Debtor*
                                          700 Post Road, Suite 237
                                          Scarsdale, New York 10583
                                          (914) 401-9500

                                          By: */s/ Julie Cvek Curley*
                                              Julie Cvek Curley, Esq.