PRYOR CASHMAN LLP
Richard Levy, Jr.
Conrad K. Chiu
Marie P. Hofsdal
7 Times Square
New York, NY 10036-6569
Tel. (212) 421-4100
Fax. (212) 326-0806

*Proposed Attorneys for Chapter 11 Trustee Megan E. Noh*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| | : | Case No. 20-10809 (smb) |
| **P8H, INC., d/b/a PADDLE 8,** | : | |
| | : | |
| | : | |
| Debtor. | : | |

**CHAPTER 11 TRUSTEE'S NOTICE OF ABANDONMENT**
**OF CERTAIN PROPERTY OF THE ESTATE**

**PLEASE TAKE NOTICE** that pursuant to 11 U.S.C. Section 554(a) and Rule 6007 of the Federal Rules of Bankruptcy Procedure, Megan E. Noh, as Chapter 11 Trustee (the "Trustee") of debtor P8H, Inc., d/b/a Paddle 8 (the "Debtor"), by her proposed attorneys, Pryor Cashman LLP, hereby proposes to abandon the following property currently located at the Debtor's former office space at 107 Norfolk Street, New York, NY 10002 (the "Debtor Premises") as burdensome and/or of inconsequential value and benefit to the Debtor's estate:

**USED OFFICE FURNITURE, FIXTURES, AND OTHER MISCELLANEOUS EQUIPMENT AND ITEMS LOCATED AT THE DEBTOR PREMISES**, as detailed on Exhibit A attached hereto; and

**VARIOUS MURALS AND/OR ARTWORK INSTALLATIONS BY ARTISTS NURIA MORA, SHERYL ANG AND SCOTT HITCHCOCK** (Ang and Hitchcock together known as 'Sheryo & Yok', and together with Nuria Mora, the "Artists") (such

murals and installations by the Artists, collectively, the "Installations"), as detailed on Exhibit B attached hereto.

After diligent inquiry into the facts and circumstances, it is the Trustee's opinion that the above-identified property is of inconsequential or no value to the Debtor's estate, and the cost to remove and sell the property would outweigh the benefit realized to the estate and its creditors, and therefore, should be abandoned as burdensome to the Debtor's estate.

Specifically, the Trustee has identified the Installations as being potentially subject to the Artists' rights under the Visual Artists Rights Act, 17 U.S.C. Section 106, and has notified the sublessor of the Debtor Premises, Lisa Cooley LLC ("Cooley"), as well as over-landlord (LoHo LLC, and together with Cooley, the "Landlords"), of such potential rights and the corresponding obligation under 17 U.S.C. Section 113(d) to provide the Artists with notice and an opportunity to remove the Installations from the Debtor Premises.

The Debtor Premises are also the current location of additional items of movable artwork property by the Artists, as set forth on Exhibit C attached hereto (such items collectively, the "Loaned Artworks").  Pursuant to two (2) certain Master Creative Service Agreements between Debtor and the Artists which the Trustee is rejecting by separate motion to be filed with the Court (such agreements, the "Artist Agreements"), the Loaned Artworks are not property of the Debtor's estate, but rather remain property of the Artists.  By this Notice of Abandonment, the Trustee is providing further notice to the Artists of her rejection of the Artist Agreements, including without limitation any obligations under such Artist Agreements for the Debtor to undertake the logistical arrangements of returning the Loaned Artworks to the Artists and/or incur the expenses of doing so.  Accordingly, the Trustee is effectively also abandoning the Loaned Artworks at the Debtor Premises, for which the Artists may make collection arrangements directly with the Landlords.

The Trustee has notified the Landlords of the Artists' title to and ownership interest in the Loaned Artworks.

**PLEASE TAKE FURTHER NOTICE** that any objections to this proposed abandonment must be filed with the Clerk of the United States Bankruptcy Court, One Bowling Green, New York, New York 10004-1408 and served upon proposed counsel for the Trustee (via email) at the address shown below within fourteen (14) days from the date of service of this Notice. If no objection is filed, the proposed abandonment shall be effective as provided in Rule 6007 of the Federal Rules of Bankruptcy Procedure without further notice, hearing or order of the Court. If any objection is timely filed, a hearing thereon will be scheduled with notice provided to the objecting party or parties, the U.S. Trustee, and counsel for the Official Committee of Unsecured Creditors and to any other entities as the Court may direct.

Dated: May 29, 2020
      New York, New York

PRYOR CASHMAN LLP

By:    /s/ Conrad K. Chiu
      Richard Levy, Jr.
      Conrad K. Chiu
      Marie P. Hofsdal
      7 Times Square
      New York, NY 10036-6569
      Tel. (212) 421-4100
      Fax. (212) 326-0806
      Email: rlevy@pryorcashman.com
             cchiu@pryorcashman.com
             mhofsdal@pryorcashman.com

*Proposed Attorneys for Chapter 11 Trustee Megan E. Noh*