PRYOR CASHMAN LLP
Richard Levy, Jr.
Conrad K. Chiu
7 Times Square
New York, NY 10036-6569
Telephone: (212) 421-4100
Facsimile: (212) 326-0806
Email: rlevy@pryorcashman.com
Email: cchiu@pryorcashman.com

*Counsel for Megan E. Noh, Chapter 11
Trustee for P8H, Inc., d/b/a Paddle 8*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>P8H, INC., d/b/a PADDLE 8,<br><br>                    Debtor. | Case No.: 20-10809 (DSJ)<br><br>Chapter 11 |

**STIPULATION AND ORDER ALLOWING REDUCED AMOUNT OF CLAIMANT'S
CLAIM AND AUTHORIZING AMENDMENT OF THE CLAIMS REGISTER**

This Stipulation and Order (the "Stipulation") is entered into by and between claimant The Shawn Carter Foundation ("Claimant") and Megan E. Noh, solely in her capacity as the Chapter 11 trustee (the "Trustee", and together with Claimant, collectively, the "Parties", and individually, a "Party") for the above-captioned debtor P8H Inc., d/b/a Paddle 8 (the "Debtor"), by and through their undersigned counsel.

WHEREAS, on March 16, 2020, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court" or the "Court") [ECF No. 1];

WHEREAS, on April 8, 2020, the Debtor filed its schedules which included an unsecured

1

claim held by Claimant in the amount of $65,191.00 which was identified on Schedule E/F.  *See Summary of Assets and Liabilities for Non-Individuals* [ECF No. 20];

WHEREAS, pursuant to the Interim Order Authorizing Use of Cash Collateral By Debtor Pursuant to 11 U.S.C. Section 363 approved by the Court on April 8, 2020 (the "Cash Collateral Order") [ECF No. 19], the Debtor segregated from its cash operating funds and placed in separate interest bearing accounts the amount of $190,000.00 (the "Segregated Funds") related to claims asserted by certain charity creditors, including Claimant, that the funds held by the Debtor belong to such entities pursuant to New York Art and Cultural Affairs Law ("NYACAL");

WHEREAS, the Cash Collateral Order further provided that the Segregated Funds shall not be disbursed except upon further order of the Court and that nothing contained in the Order would be deemed a determination as to the extent to which the segregated funds are or are not property of the Debtor's estate or whether any or all of such funds are property of the estate or subject to the cash collateral of Stockaccess Holdings SAS or its successor FBNK Finance S.a.r.l. as the case may be, with all rights and remedies reserved as to such issues;

WHEREAS, on May 8, 2020, the Bankruptcy Court appointed the Trustee. *See Order Pursuant to 11 U.S.C. § 1104(d) Directing the Appointment of a Chapter 11 Trustee* [ECF No. 43];

WHEREAS, after her appointment, the Trustee complied with the terms of the Cash Collateral Order and subsequent interim cash collateral orders by maintaining the Segregated Funds in a separate account, segregated (along with certain other segregated funds added pursuant to other orders) from all other cash in the Trustee's accounts including cash operating funds of the Debtor's estate;

WHEREAS, on June 12, 2020, the Trustee filed *Chapter 11 Trustee's Motion for an Order*

*(I) Pursuant to Bankruptcy Rule 3003(c)(3) Establishing a Deadline for Filing Certain Proofs of Claim and Approving Form and Manner of Notice Thereof; and (II) Establishing a Protocol for the Filing of Claims by Online Sale Claimants* [ECF. No. 87];

WHEREAS, Claimant timely filed a proof of claim against the Debtor's estate in the amount of $70,691.00 which has been identified as Claim No. 82 on the Official Claims Register (the "POC"). *See* Claim No. 82 on Official Claims Register;

WHEREAS, the Trustee has the right to file, but has not yet formally interposed, an objection to the POC filed by Claimant;

WHEREAS, the Trustee believes that the alleged amount of the POC filed by Claimant as Claim No. 82 is overstated and inconsistent with the Debtor's books and records for reasons that have been informally explained to Claimant; and

WHEREAS, following good faith negotiations, the Parties have agreed upon the reduced amount of Claimant's POC and desire to reach a compromise on the terms set forth herein to avoid further costs of litigation and/or motion practice.

**NOW THEREFORE**, relying specifically on the foregoing recitals, and in consideration of the mutual promises and covenants contained herein, the Parties hereby stipulate and agree as follows:

1. This Stipulation is subject to the approval of the Court and shall be of no force and effect unless and until approved by the Court.

2. The recitals set forth above are true and correct and are incorporated herein by reference.

3. After conferring on adjustments to the amount of the POC filed by Claimant, including an exchange of documentary information, the Parties agree that the amount of

Claimant's claim against the Debtor, without including any fees and other amounts that may be permissible under NYACAL Sec. 12.01, if any, is $65,191.00 (the "Allowed Claim"), and that the claims register entry for the Allowed Claim should be amended accordingly.

4. The Parties will continue to engage in good faith negotiations and discussions with respect to the issue of whether NYACAL applies to the Claimant's Allowed Claim and the amount of any fees and/or other amounts that Claimant may be entitled to, if any, under NYACAL Sec. 12.01 which if allowed or agreed upon will be added to the Allowed Claim in accordance with a further stipulation or an amendment to this Stipulation. If the Parties are unable to reach an agreement with respect such issues, including whether the Claimant's Allowed Claim is subject to NYACAL Sec. 12.01, the Parties will submit the issue and dispute to the Bankruptcy Court for determination. Subject to the preceding sentence and the reservations of rights in Paragraph 5 below, the Trustee will not challenge the validity or amount of Claimant's Allowed Claim.

5. The Trustee shall continue to segregate from the cash operating funds of the Debtor's estate, in an interest bearing account, the amount of $65,191.00 (reduced from the original $70,691.00 of the Segregated Funds relating to the Claimant's claim) related to the contention of Claimant that those funds belong to Claimant pursuant to NYACAL and other applicable law advanced by Claimant. The Segregated Funds shall not be disbursed to or for the benefit of any person or entity except pursuant to a Bankruptcy Court-ordered distribution under Paragraph 6 below authorized after notice and a hearing. Nothing contained herein shall be deemed a determination as to the extent to which the Segregated Funds are or are not property of the Debtor's estate or cash collateral over which any creditor of the Debtor asserts or may have asserted a lien. All of the Parties' rights and remedies are reserved with regard to these issues. Notwithstanding anything contained in the Cash Collateral Order, Claimant consents to the release

4

of $5,500.00 from the Segregated Funds and the transfer of such amount from the segregated account to the Trustee's cash operating fund.

6. The Segregated Funds shall not be released by the Trustee in whole or in part until the earlier of (i) the date on which creditors and/or interest holders receive a Bankruptcy Court-approved distribution in the chapter 11 case from the proceeds of estate property, (ii) the date on which creditors and/or interest holders receive a Court-approved distribution under chapter 7 of the Bankruptcy Code from the proceeds of estate property, or (iii) the date on which holders of claims against the Debtor receive a Bankruptcy Court-ordered distribution of any funds held by the Trustee (including the Segregated Funds) that have been determined not to be property in which the Debtor's estate holds beneficial ownership.

7. Except as otherwise provided in this Stipulation, other than the Allowed Claim, Claimant agrees that it shall have no other claims of any kind as against the Debtor and its estate.

8. Except as otherwise provided in this Stipulation, including, without limitation, the agreed amount of the Allowed Claim, all of the Parties' rights and remedies are reserved with regard to all other issues.

9. In the event that this Stipulation is otherwise deemed invalid as a result of a breach of this Stipulation, each of the Parties reserve all of their respective rights to assert any applicable claims, causes of action, and defenses that it has or may have against the other Party.

10. This Stipulation shall be construed, and the rights and liabilities of the Parties hereto shall be determined, in accordance with the laws of the State of New York and applicable federal law.

11. No failure or delay by either Party in exercising any right, power, or privilege under this Stipulation or applicable law shall operate as a waiver against such Party of such right, power, or privilege.

12. The invalidity, illegality, or unenforceability of any provision of this Stipulation shall not affect any other provision of this Stipulation, which shall remain in full force and effect and which shall be construed as if such invalid, illegal, or unenforceable provision has never been contained herein.

13. This Stipulation constitutes the entire agreement between the Parties, and this Stipulation cannot be orally altered, amended, or superseded except upon written consent of the Parties and/or further order of the Bankruptcy Court entered after notice and a hearing.  It is the intention of the Parties that this paragraph be construed as a merger clause, and that this Stipulation be construed as an integrated document in the event that this Stipulation is approved by the Bankruptcy Court.

14. This Stipulation shall be binding upon and inure to the benefit of the successors, heirs, trustees, administrators and assigns of the Parties, including any successor trustee or chapter 7 trustee that may be appointed for the Debtor and its estate.  There are not, and shall not be, any third party beneficiaries of this Stipulation.  This Stipulation may not be assigned by either Party.

15. The Parties shall execute and deliver such other and further documents and perform such other and further acts as may be reasonable, necessary, and/or customary in order to consummate the transactions contemplated by the Stipulation.

16. Each of the Parties shall bear its respective fees and expenses relating to the negotiation, execution, approval, and performance of this Stipulation, including such Party's attorney's fees and costs.

17. This Stipulation may be executed in duplicate original counterparts, each of which shall constitute an original and all of which shall constitute a single memorandum. Execution by a Party of a signature page hereto shall constitute due execution and shall create a valid, binding obligation of the Party so signing, and it shall not be necessary or required that the signatures of all Parties appear on a single signature page hereto. It shall not be necessary, in making proof of the Stipulation, to produce or account for more than one (1) counterpart.

18. This Stipulation shall be deemed to have been jointly drafted by the Parties in construing and interpreting this Stipulation. No provision shall be construed and interpreted for or against any of the Parties because such provision or any other provision of this Stipulation or the Stipulation as a whole was, prepared or requested by such party. Paragraph headings are included for convenience only, and do not constitute substantive contents of this Stipulation.

**AGREED AND STIPULATED:**

Dated: April 8, 2021
New York, New York

| | |
|---|---|
| **PRYOR CASHMAN LLP** | **CUMMINGS & LOCKWOOD LLC** |
| By: /s/ Conrad K. Chiu | By: /s/ John F. Carberry |
| Richard Levy, Jr. | John F. Carberry |
| Conrad K. Chiu | Six Landmark Square |
| 7 Times Square | Stamford, CT 06901 |
| New York, New York 10036 | Telephone: (203) 351-4280 |
| Telephone: (212) 421-4100 | Email: jcarberry@cl-law.com |
| Facsimile: (212) 326-0806 | |
| Email: rlevy@pryorcashman.com | *Counsel for The Shawn Carter Foundation* |
| Email: cchiu@pryorcashman.com | |
| | |
| *Counsel for Megan E. Noh, Chapter 11 Trustee for P8H, Inc., d/b/a Paddle 8* | |

**NO OBJECTION:**

Dated: New York, New York
      April 8, 2021

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS

By:  */s/ Richard J. Corbi*
      Richard J. Corbi
The Law Offices of Richard J. Corbi
1501 Broadway, 12th Floor
New York, NY
Tel: (646) 571-2033
Email: rcorbi@corbilaw.com

*Counsel for the Official Committee of Unsecured Creditors*


### ORDER APPROVING STIPULATION AND DIRECTING AMENDMENT OF CLAIM REGISTER

***SO ORDERED:***

    The foregoing Stipulation is approved. The Parties are authorized and directed to perform in accordance with its terms. The Clerk is directed to amend the Claims Register to reflect the amount of Claim No. 82 as $65,191.00.


Dated: New York, New York
      April 9, 2021

                                    *s/ David S. Jones*
                                    Honorable David S. Jones
                                    United States Bankruptcy Judge