PRYOR CASHMAN LLP
Richard Levy, Jr.
Conrad K. Chiu
Andrew S. Richmond
7 Times Square
New York, New York 10036-6569
Telephone: (212) 421-4100
Facsimile: (212) 326-0806
rlevy@pryorcashman.com
cchiu@pryorcashman.com
arichmond@pryorcashman.com

*Counsel for Megan E. Noh, Chapter 11 Trustee
of P8H, Inc., d/b/a Paddle 8*

Hearing date requested: Sept. 2, 2021 at 10:00am

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
:
In re:                                                           :      Chapter 11
:
P8H, INC., d/b/a PADDLE 8,                                       :      Case No. 20-10809 (DSJ)
:
Debtor.                                        :
:
-----------------------------------------------------------------x

**MOTION OF CHAPTER 11 TRUSTEE FOR ENTRY OF AN ORDER (I)
PRELIMINARILY APPROVING DISCLOSURE STATEMENT; (II) APPROVING
SOLICITATION AND VOTING PROCEDURES; (III) APPROVING FORMS OF
NOTICES AND BALLOTS; (IV) SCHEDULING AND PROVIDING FOR NOTICE OF A
COMBINED HEARING TO CONSIDER FINAL DISCLOSURE STATEMENT
APPROVAL AND PLAN CONFIRMATION; AND (V) GRANTING RELATED RELIEF**

Megan E. Noh, as Chapter 11 Trustee (the "Trustee") of debtor P8H, Inc., d/b/a Paddle 8 (the "Debtor"), by her undersigned counsel, moves (the "Motion") for entry of an Order granting the following relief:

**(1) Disclosure Statement.** Preliminarily approving the disclosure statement to accompany the Trustee's and Official Committee of Unsecured Creditors of the Debtor's (the "Committee")

joint proposed chapter 11 plan (as amended, supplemented, or modified from time to time, the "Disclosure Statement" and the "Plan", respectively), filed together herewith;

(2) **Solicitation and Voting Procedures.**  Approving procedures for soliciting and tabulating votes to accept or reject the Plan, substantially in the form annexed to the accompanying proposed form of Order ("Proposed Order") as Schedule 1 ("Solicitation and Voting Procedures");

(3) **Ballots.**  Approving the form of ballots for holders of claims in Classes 1, 3, 4, 5 and 6 ("Ballots"), substantially in the form annexed to the Proposed Order as Schedule 2, Schedule 3 and Schedule 4;

(4) **Solicitation Packages.**  Approving the solicitation materials and documents included in solicitation packages ("Solicitation Packages") that will be sent to holders of claims entitled to vote on the Plan, in accordance with Rules 3017(d) and 2002(b);

(5) **Non-Voting Status Notices.**  Approving (a) the form of notice applicable to holders of claims that are unimpaired under the Plan and who are presumed to have accepted the Plan, pursuant to section 1126(f) of the Bankruptcy Code, (b) the form of notice applicable to equity interests who are deemed to have rejected the Plan, pursuant to section 1126(g), and (c) the form of notice applicable to holders of claims that are subject to a claim objection or request for estimation, subject to any right of setoff or recoupment or otherwise disputed, and who are not entitled to vote the disputed portion of such claim (together, "Non-Voting Status Notices"), substantially in the form annexed to the Proposed Order as Schedule 5, Schedule 6, and Schedule 7, respectively;

(6) **Combined Hearing on Final Approval of the Disclosure Statement and Confirmation of the Plan, and Notice.**  Scheduling a combined hearing to consider final approval of the Disclosure Statement and confirmation of the Plan ("Combined Hearing"), and approving

2

the form and manner of notice ("Combined Hearing Notice") substantially in the form annexed to the Proposed Order as Schedule 8; and

**(7) Confirmation Dates and Deadlines.** Establishing the earliest possible dates and deadlines with respect to confirmation, subject to the Court's availability:

| Event | Date |
| --- | --- |
| Voting Record Date | Date of the hearing on this motion |
| Solicitation Deadline | Three business days after entry of the Proposed Order (as amended or modified) |
| Voting Deadline | Three business days before Deadline to file Ballot Summary and Vote Certification |
| Objection Deadline | Fourteen days before Combined Hearing Date |
| Deadline to file Ballot Summary and Vote Certification | Seven days before Combined Hearing Date, pursuant to S.D.N.Y. LBR 3018-1 |
| Deadline to file Replies to Confirmation Objections | Three business days before Combined Hearing Date |
| Deadline to file Confirmation Brief | Three business days before Combined Hearing Date |
| Combined Hearing Date | Week of September 27, 2021 (subject to availability of the Court) |

In support thereof, the Trustee respectfully states:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(L). Venue in this district is proper pursuant to 28 U.S.C. § 1408.

## SUMMARY OF PLAN

2. The primary objective of the Plan is to distribute property of the Debtor's estate to holders of allowed claims.

3

3. The Plan contemplates classifying holders of claims and equity interests, into designated classes for all purposes including voting. The following table identifies the classes of claims and equity interest and their respective voting rights with regard to the Plan:

| Class | Claim or Interest | Status | Voting Rights |
|---|---|---|---|
| 1 | FBNK Secured Claim | Impaired | Entitled to Vote |
| 2 | Other Secured Claims, if any | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| 3 | Online Seller Claims | Impaired | Entitled to Vote |
| 4 | Artist-Consignor Claims | Impaired | Entitled to Vote |
| 5 | Online Buyer Claims | Impaired | Entitled to Vote |
| 6 | General Unsecured Claims | Impaired | Entitled to Vote |
| 7 | Interests | Impaired | Not Entitled to Vote (Deemed to Reject) |

4. Based on the foregoing, the Trustee proposes to solicit votes to accept or reject the Plan from holders of claims in Classes 1, 3, 4, 5 and 6 ("Voting Classes").

5. The Trustee is not proposing to solicit votes from unclassified claimants or holders of claims in Class 2 and Interests in Class 7 (together, the "Non-Voting Classes").

I. **THE COURT SHOULD APPROVE THE DISCLOSURE STATEMENT ON A PRELIMINARY BASIS**

A. **Preliminary Approval**

6. Pursuant to section 1125(b) of the Bankruptcy Code, a plan proponent generally may not solicit acceptance or rejection of a plan unless the accompanying disclosure statement has been approved as containing "adequate information."

4

7. A court may, however, exercise its equitable powers under section 105 of the Bankruptcy Code to approve a disclosure statement on a preliminary basis, thereby permitting solicitation without a prior hearing, in the interests of efficiency and economy. *See* 11 U.S.C. § 105(d)(2)(vi) ("The court ... may issue an order ... that provides that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan").

8. Courts in this district and other districts routinely grant preliminary approval of a disclosure statement and resulting solicitation, while reserving final approval until the confirmation hearing. *E.g.*, *In re OneWeb Global Limited*, No. 20-22437-rdd (Bankr. S.D.N.Y. Sept. 24, 2020) [Dkt. No. 586]; *In re 919 Prospect Ave LLC*, No. 16-13569-scc (Bankr. S.D.N.Y. Aug. 10, 2018) [Dkt. No. 148]; *In re Gulf Coast Oil Corp.*, 404 B.R. 407, 425 (Bankr. S.D. Tex. 2009) ("The Bankruptcy Code does not prohibit simplification of procedures for debtors that are not small business debtors. In fact, Bankruptcy Code § 105(d) [permits] the court [to] issue such orders as are appropriate for the expeditious and economical resolution of the case, including ... an order providing for combination of the hearing on the plan and disclosure statement"); *See also In re Maremont Corp.*, 601 B.R. 1 (Bankr. D. Del. 2019) (findings of fact and conclusions of law on combined approval of disclosure statement and confirmation of plan).

9. The Trustee respectfully submits that preliminary approval of the Disclosure Statement is appropriate for at least two reasons. <u>First</u>, preliminary approval would result in substantial cost savings for the Debtor and its estate, inuring to the benefit of the Debtor's unsecured creditors, simply by truncating the case. <u>Second</u>, as discussed below, the Disclosure Statement contains adequate information under section 1125(a)(1) of the Bankruptcy Code, thereby satisfying the requirements of section 1125(b). Under these circumstances, preliminary approval of the Disclosure Statement is both warranted and proper. *E.g.*, *Gulf Coast Oil*, 404 B.R. at 425.

5

**B.    Standard for Approval of the Disclosure Statement**

10. Pursuant to section 1125 of the Bankruptcy Code, the proponent of a proposed chapter 11 plan must provide "adequate information" regarding the plan to holders of impaired claims entitled to vote.

11. Section 1125(a)(1) provides:

> "[A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement contains adequate information the court shall consider the complexity of the case, the benefit of additional information to creditors, and the cost of providing additional information.

12. Whether a disclosure statement contains adequate information "is to be determined on a case-specific basis." *In re Copy Crafters Quickprint, Inc.*, 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988) (citing H.R. Rep. No. 95-595 (1978)).

13. Some courts have identified non-exclusive, non-exhaustive factors which provide a useful starting point to analyze the adequacy of the disclosure statement. Those factors include:

> (1) the events which led to the filing of a bankruptcy petition; (2) a description of the available assets and their value; (3) the anticipated future of the company; (4) the source of information stated in the disclosure statement; (5) a disclaimer; (6) the present condition of the debtor while in Chapter 11; (7) the scheduled claims; (8) the estimated return to creditors under a chapter 7 liquidation; (9) the accounting method utilized to produce financial information and the name of the accountants responsible for such information; (10) the future management of the debtor; (11) the Chapter 11 plan or a summary thereof; (12) the estimated administrative expenses, including attorneys' and accountants' fees; (13) the collectability of accounts receivable; (14) financial information, data, valuations or

6

projections relevant to the creditors' decision to accept or reject the Chapter 11 plan; (15) information relevant to the risks posed to creditors under the plan; (16) the actual or projected realizable value from recovery of preferential or otherwise voidable transfers; (17) litigation likely to arise in a non-bankruptcy context; (18) tax attributes of the debtor; and (19) the relationship of the debtor with affiliates.

*In re Ashley River Consulting, LLC*, 2015 WL 6848113, at *8 (Bankr. S.D.N.Y. November 6, 2015) (quoting *In re Metrocraft Pub. Servs., Inc.*, 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984)).

14. Although the factors are a useful tool, "disclosure of all factors is not necessary in every case." *Metrocraft*, 39 B.R. at 568. *See also In re Phoenix Petroleum Co.*, 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001) ("[I]t is also well understood that certain categories of information which may be necessary in one case may be omitted in another; no one list of categories will apply in every case.").

### C. The Disclosure Statement Contains Adequate Information

15. Here, the Disclosure Statement contains "adequate information" to allow holders of claims in the Voting Classes to make informed decisions about whether to vote to accept or reject the Plan. Specifically, it contains a number of categories of information that courts consider to be representative of "adequate information" including:

| Category | Location in Disclosure Statement |
|---|---|
| Disclaimer regarding the information in the Disclosure Statement | Art. I.A |
| Estimated amount of administrative expense claims including professional fee claims | Art. I.C |
| Debtor's corporate history, structure, and business overview | Art. II.A, B |
| Events leading to the commencement of the Debtor's Chapter 11 Case | Art. III.A |
| Summary of main events in the Debtor's Chapter 11 Case | Art. III.B – J |
| Description and valuation of assets available for distribution to creditors | Art. III.I – J |
| Explanation of liquidation of the Debtor pursuant to the Plan | Art. VI.B |

7

| | |
|---|---|
| Summary of treatment of claims and interests and the means for implementation | Art. IV, VI |
| Confirmation procedures and statutory requirements, including a liquidation | Art. XIV |
| Description of certain Federal income tax consequences of the Plan | Art. XVI |

16.     Based on the foregoing, the Trustee submits the Disclosure Statement complies with all aspects of section 1125 of the Bankruptcy Code and addresses the information set forth above in a manner that provides adequate information to holders of claims entitled to vote to accept or reject the Plan, and accordingly should be approved on a preliminary basis.

### D.    The Disclosure Statement Provides Sufficient Notice of the Discharge, Injunction, Release, and Exculpation Provisions

17.     The Disclosure Statement adheres to the notice provisions of Rule 3016(c), which requires that if a plan provides for an injunction against conduct not otherwise enjoined under the Bankruptcy Code, the plan and disclosure statement must describe in specific and conspicuous language the acts to be enjoined and the entities subject to the injunction.  Here, the Disclosure Statement (and Plan) complies in all respects with Rule 3016(c).  Article X of the Disclosure Statement describes in detail the Plan's discharge, injunction, exculpation, and mutual release provisions and identifies the entities covered thereby.  The provisions are conspicuously described in both the Plan and Disclosure Statement in bold text.

## II.    THE COURT SHOULD APPROVE THE SOLICITATION AND VOTING PROCEDURES AND FORMS OF NOTICE AND BALLOTS

### A.    Procedures and Forms Applicable to Solicitation Process

18.     In accordance with Rules 2002(b) and 3017(d) and in light of the circumstances of this Chapter 11 Case, the Trustee proposes to distribute solicitation and notice materials as follows:

1. <u>Distribution and Form of Notice of Combined Hearing</u>

19. On or before the Solicitation Deadline, the Trustee will cause to be served the Combined Hearing Notice on all parties entitled to notice under Rule 2002 as of the Voting Record Date. In accordance with Rule 2002(b) and Rule 3017(d), the Combined Hearing Notice will provide all parties with notice of, *inter alia*, the deadline to object to final approval of the adequacy of the Disclosure Statement and confirmation of the Plan ("<u>Objection Deadline</u>") and the Combined Hearing. In addition, the Trustee requests that, where the Trustee has confirmed valid email addresses for the above-mentioned service parties, the Court authorize the Trustee to serve any notices for which the Trustee seeks approval in this Motion through such email service and find that such service constitutes adequate notice under the Bankruptcy Rules. *See In re Giddy Energy, LLC*, Case No. 21-30923 (MI) (Bankr. S.D. Tex. May 23, 2021).

20. In addition, the Trustee respectfully requests that it be permitted to provide notice to Claimants of the Combined Hearing by email, which, prior to the Petition Date, was the Debtor's sole means of communicating with many Claimants. The Trustee estimates that there could be more than one hundred Claimants who have previously communicated with the Debtor via email or have otherwise provided the Debtor and the Trustee with their email addresses. If the Trustee was required to send notice of the Combined Hearing by first-class mail to each creditor, this would result in the Debtor's estate incurring significant costs and expense, and requiring additional time. Accordingly, the Trustee respectfully requests that she only be required to provide notice to Claimants of the Combined Hearing by email, with regular mail to be used where the Debtor or the Trustee have no email addresses for Claimants or for Claimants whose email addresses bounce back.

21. The Trustee proposes to post the Combined Hearing Notice on the website maintained by the Trustee's counsel in connection with the solicitation process for the Plan, at https://www.surveymonkey.com/r/P8H-Ballot.

22. In addition, the Combined Hearing Notice provides parties with notice of the potential rejection of executory contracts and unexpired leases under the Plan, and instructions on how to obtain a Ballot. Accordingly, the Trustee submits that the Combined Hearing Notice is adequate under Rules 2002(b) and 3017(d) and should be approved.

23. The Trustee submits that notice is sufficient to be served on all parties entitled to notice under Rule 2002. Notice through publication is an unnecessary expense to the estate. *See e.g., In re Twins, Inc.*, 318 B.R. 90, 97-98 (Banrk. D.S.C. 2004) (court held that notice (which did not include notice by publication) was sufficient to apprise creditor that its claim would be altered).

2.   Distribution and Form of Solicitation Packages

24. On or before the Solicitation Deadline, the Trustee will cause to be distributed the Solicitation Packages by first class mail or email, as applicable, to holders of claims in the Voting Classes as well as Rejection Claimants (defined below). Each Solicitation Package will include the following materials: (a) the Order, without exhibits except for the Solicitation and Voting Procedures; (b) the Combined Hearing Notice; (c) the Disclosure Statement; (d) the Plan; (e) the appropriate Ballot; and (f) such other information as the Court may approve. Concurrently, the Trustee shall cause to be distributed a complete Solicitation Package (excluding the Ballot) to the Office of the U.S. Trustee and to the Debtor. The Trustee proposes to send copies of the Disclosure Statement and Plan in electronic format (i.e., e-mail, flash drive or CD-ROM); provided, however, any party may request hard copies of such materials from the Trustee at no

cost to such party. The Trustee believes that the Solicitation Packages and proposed distribution thereof complies with Rule 3017(d) and should be approved.

25. The Trustee requests that it be authorized to distribute the Plan, the Disclosure Statement and the Disclosure Statement Order (without exhibits) to holders of Claims entitled to vote on the Plan in electronic format (*i.e.*, e-mail, on a CD-ROM or flash drive). For the reasons stated above in relation to serving the notice, the Trustee respectfully requests that it only be required to serve a link to the Trustee's website by email where the Claimants can access the Solicitation Package by email. Distribution in this manner will translate into significant monetary savings for the Debtor's estate by reducing printing and postage costs (the Plan, the Disclosure Statement, and the proposed Disclosure Statement Order collectively total hundreds of pages). Bankruptcy courts have permitted debtors to transmit solicitation documents in electronic format in other large chapter 11 case in the interest of saving printing and mailing costs. *See, e.g., In re Vanguard Natural Resources, Inc.*, No. 19-31786 (DRJ) (Bankr. S.D. Tex. June 12, 2019); *In re Parker Drilling Co.*, No. 18-36958 (MI) (Bankr. S.D. Tex. Jan. 22, 2019); *In re Sandridge Energy, Inc.*, No. 16-32488 (MI) (Bankr. S.D. Tex. July 15, 2016). Further, all documents will be available in print on request to the Trustee and electronically, free of charge, at the Trustee's website at https://www.surveymonkey.com/r/P8H-Ballot.

3. <u>Distribution and Form of Non-Voting Status Notices</u>

26. Distribution of Solicitation Packages to members of the Non-Voting Classes would deplete estate resources unnecessarily to the detriment of unsecured creditors. To avoid this result, the Trustee proposes to distribute to holders of claims in the Non-Voting Classes the following Non-Voting Status Notices in lieu of Solicitation Packages:

11

        *(a)       Deemed to Accept*

27. Under the Plan, Administrative Expense Claims Other than Professional Fees, Professional Fees and Priority Claims are unclassified claims that are treated in accordance with section 1129(a)(9) of the Bankruptcy Code and are not, therefore, entitled to vote on the Plan. In addition, the holders of claims in Class 2 are not entitled to vote because the Plan proposes to treat such claims as unimpaired. *See* 11 U.S.C. § 1126(f).

28. In accordance with Rule 3017(d), the Trustee does not intend to distribute Solicitation Packages to holders of Administrative Expense Claims Other than Professional Fees, Professional Fees, Priority Claims, or Other Secured Claims. Instead, the Trustee proposes to distribute to them by first class mail or email a notice substantially in the form annexed to the proposed Order as Schedule 5 ("Deemed Accepting Notice") and the Combined Hearing Notice.

        *(b)       Deemed to Reject*

29. Under the Plan, holders of Interests in Class 7 are not entitled to vote because the Plan does not provide for them to receive a distribution on account of their claims and interests. *See* 11 U.S.C. § 1126(g).

30. In accordance with Rule 3017(d), the Trustee does not intend to distribute Solicitation Packages to holders of Interests. Instead, the Trustee proposes to distribute to them by first class mail or email a notice substantially in the form annexed to the Proposed Order as Schedule 6 ("Deemed Rejecting Notice") and the Combined Hearing Notice.

        *(c)       Disputed Claims*

31. Pursuant to section 1126(a) of the Bankruptcy Code, only holders of allowed claims are entitled to vote to accept or reject a plan. Accordingly, the Trustee proposes that any holder of a claim in Class 6 whose claim or portion thereof: (a) is subject to an objection or request for estimation

by the Chapter 11 Trustee or the Committee, which objection has not been withdrawn or determined by a Final Order, (b) is subject to any right of setoff or recoupment, or (c) is otherwise disputed by the Chapter 11 Trustee or the Committee (together, the "Disputed Claimants"), will not be permitted to vote on the Plan except as provided herein.[1]  Specifically, the Trustee proposes that all holders (or potential holders) of claims that will or may arise due to the rejection of executory contracts or unexpired leases pursuant to the Plan ("Rejection Claimants") be allowed to vote to accept or reject the Plan through the submission of a Ballot on or before the Voting Deadline; provided, however, the amount of such claim will be allowed *solely for voting purposes* in the amount of $1.[2]

32. Because the Disputed Claimants are not entitled to vote on the Plan, the Trustee proposes to instead cause to be distributed to them by first class mail or e-mail, as applicable, a notice substantially in the form annexed to the Proposed Order as Schedule 7 ("Notice of Disputed Claim Status") and the Combined Hearing Notice.  The Notice of Disputed Claim Status *inter alia* informs Disputed Claimants that absent the occurrence of a Resolution Event (as defined therein) they are precluded from voting to accept or reject the Plan with respect to their contingent, unliquidated, or disputed claim.

33. The Trustee further request that the Court fix the date that is two business days before the Voting Deadline as the deadline for the occurrence of a Resolution Event.

34. In light of the circumstances of this Chapter 11 Case, the Trustee submits that the Solicitation Packages and Notices of Non-Voting Statuses are fair and reasonable and designed to

---

[1] The holder of any claim in Class 6 that is partly disputed will receive a Solicitation Package and be permitted to vote the amount of the claim that is fixed or undisputed subject to the right of the holder to ask the Court to allow the claim in a higher amount for voting purposes.

[2] The allowed amount of $1 will not be binding on the Debtor or Trustee or any other party in interest for any purpose other than voting.

13

provide adequate notice in accordance with the Bankruptcy Code and Rules and should therefore be approved.

### B. Approval of Form of Ballots, Voting Record Date, and Voting Deadline

35. Rule 3017(d) provides that ballots for accepting or rejecting a chapter 11 plan must conform substantially to Official Form No. B314. Rule 9009 further permits alterations of the Official Forms if *inter alia* the "national instructions for a particular Official Form" so provide, which is the case with Official Form No. B314. The Ballots included in Schedule 2, Schedule 3 and Schedule 4 are derived from Official Form No. B314 but include wording and structural changes for clarity and readability, and to accommodate for electronic voting contemplated by the Solicitation and Voting Procedures (discussed below). The Trustee requests that the Court approve the changes to Official Form No. B314 and Ballots for use with respect to solicitation of votes on the Plan.

36. The Trustee requests that the Court exercise its authority under Rules 3017(d) and 3018(a) to establish the hearing date on this motion as the record date for determining the holders of claims and equity interests entitled to receive Solicitation Packages and Non-Voting Status Notices, as applicable ("Voting Record Date").

37. The Trustee requests that the Court exercise its authority under Rule 3017(c) to establish three business days before Deadline to file Ballot Summary and Vote Certification, pursuant to S.D.N.Y. LBR 3018-1, at 5:00 p.m. ("Voting Deadline") as the deadline to complete, execute, and return Ballots so that they are actually received by the Trustee on or before the Voting Deadline.

    **C.**    **Vote Tabulation Procedures**

38. Rule 3018(c) provides that "an acceptance or rejection [of a plan] shall be in writing, identify the plan or plans accepted or rejected [and] be signed by the creditor ... or an authorized agent." Consistent with the foregoing, the Trustee proposes to use the following tabulation procedures:

39. Subject to Paragraph 40 below, the Trustee proposes that any Ballot that is timely received, that contains sufficient information to permit the identification of the claimant, and that is cast as an acceptance or rejection of the Plan be counted and be deemed to be cast as an acceptance or rejection of the Plan.

40. The Trustee further proposes that the following Ballots not be counted or considered for any purpose in determining if the Plan has been accepted or rejected:

    (a)    Any Ballot received after the Voting Deadline, unless the Trustee has granted an extension of the Voting Deadline;

    (b)    Any Ballot that is illegible, unsigned, or otherwise contains insufficient information to permit identification of the claimant, including any Ballot that fails to indicate the fiduciary or representative capacity of the signatory, if applicable;

    (c)    Any Ballot cast by a person or entity that does not hold a Class 1, 3, 4, 5 or 6 claim;

    (d)    Any Ballot submitted by fax;

    (e)    Any Ballot cast for a claim designated as disputed, or as zero or unknown in amount (except for the Ballots cast by Rejection Claimants) and for which no timely Resolution Event has occurred;

    (f)    Any Ballot not marked to accept or reject the Plan or marked to both accept or reject the Plan;

    (g)    Any other Ballot not cast in accordance with the Solicitation and Voting Procedures.

41.     The Trustee respectfully submits that the Solicitation and Voting Procedures set forth herein provide for a fair and equitable voting process in light of the circumstances involved and should be approved.

### III.    THE COURT SHOULD APPROVE PROCEDURES FOR CONFIRMING THE PLAN AND FINALLY APPROVING THE DISCLOSURE STATEMENT

#### A.     The Court Should Approve the Combined Hearing Date

42.     The Trustee accordingly requests that the Court set a date before September 30, 2021 as the date of the Combined Hearing. Rule 2002(b) requires 28 days' notice by mail be given of the time fixed for filing objections and the hearing to consider approval of a disclosure statement and for filing objections and the hearing to consider confirmation of a chapter 11 plan.[3] Rule 3017(a) likewise requires that at least 28 days' notice be given of the hearing to consider approval of a disclosure statement.

43.     The Trustee further requests permission to continue the Combined Hearing from time to time without further notice to parties in interest other than such adjournment announced in Court and/or a notice of adjournment filed with the Court and served on parties entitled to serve notice pursuant to Rule 2002.

#### B.     The Court Should Approve the Procedures for Filing Objections to the Plan and Disclosure Statement

44.     Pursuant to Rules 3017(a) and 3020(b)(1), objections to a disclosure statement or to confirmation of a plan must be served within a time fixed by the Court. The Trustee accordingly

---

[3]     Although Bankruptcy Rule 2002(b) regularly provides for 28 days' notice for a hearing on approval of the disclosure statement and confirmation, Rule 9006(c) permits this notice period to be shortened for "cause" shown. Given the right budgetary constraints on the Estate, the Trustee respectfully requests that the Court schedule the Combined Hearing with the minimum permissible time for notice, subject to the Court's calendar.

requests that the Court establish fourteen days before the Combined Hearing Date as the applicable Objection Deadline for both.

45. The Trustee further proposes that it be permitted to file a reply to objections and a memorandum in support of its motion for final approval of the Disclosure Statement and/or confirmation of the Plan, by three business days before Combined Hearing Date.

### IV. NON-SUBSTANTIVE MODIFICATIONS

46. The Trustee requests authorization, in consultation with the Committee, to make non-substantive changes to the Disclosure Statement, Plan, Combined Hearing Notice, Solicitation Packages, Non-Voting Status Notices, Ballots, Solicitation and Voting Procedures, and related documents without further order of the Court, including changes to correct typographical and grammatical errors, if any, and to make conforming changes to the Disclosure Statement, Plan, and any other materials in the Solicitation Packages (or other materials) before distribution.

### NOTICE

47. Notice of this motion has been provided by CM/ECF to the Debtor, all parties that have entered appearances in these cases, and the Office of the United States Trustee.

### NO PRIOR REQUEST

48. No prior request for the relief sought herein has been made to this Court or to any other court.

**WHEREFORE**, the Trustee respectfully requests that the Court enter the Proposed Order granting the relief requested herein and such other and further relief as is just and proper.

Dated:   August 27, 2021
           New York, New York

**PRYOR CASHMAN LLP**

By: */s/ Richard Levy, Jr.*
     Richard Levy, Jr.
     Conrad K. Chiu
     Andrew S. Richmond
7 Times Square
New York, New York 10036
Telephone: (212) 421-4100
Facsimile: (212) 326-0806
Email: rlevy@pryorcashman.com
Email: cchiu@pryorcashman.com
Email: arichmond@pryorcashman.com

*Counsel for Megan E. Noh, Chapter 11 Trustee of P8H, Inc., d/b/a Paddle 8*