PRYOR CASHMAN LLP
Richard Levy, Jr.
Conrad K. Chiu
Andrew S. Richmond
7 Times Square
New York, New York 10036-6569
Telephone: (212) 421-4100
Facsimile: (212) 326-0806
rlevy@pryorcashman.com
cchiu@pryorcashman.com
arichmond@pryorcashman.com

*Counsel for Megan E. Noh, Chapter 11 Trustee*
*Of P8H, Inc. d/b/a Paddle 8*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                              :
In re:                                        :    Chapter 11
                                              :
P8H, INC., d/b/a PADDLE 8,                    :    Case No. 20-10809 (DSJ)
                                              :
            Debtor.                           :
                                              :
---------------------------------------------------------------x

**CHAPTER 11 TRUSTEE'S FIRST OMNIBUS OBJECTION TO CERTAIN SCHEDULED CLAIMS (CLAIMS TO BE EXPUNGED, CLAIMS TO BE REDUCED (CANCELED SALES), CLAIMS TO BE REDUCED (MISCALCULATED CONSIGNMENT PAYMENTS))**

**THE OBJECTION SEEKS TO DISALLOW AND/OR REDUCE CERTAIN SCHEDULED CLAIMS.**

**PARTIES RECEIVING THE OBJECTION SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE SCHEDULES ANNEXED TO THE OBJECTION TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S). IF YOU ARE A PARTY AFFECTED BY THIS ORDER AND YOU FAIL TO FILE A RESPONSE, THE COURT MAY ENTER AN ORDER DISALLOWING YOUR CLAIM(S) ADDRESSED BY THIS OMNIBUS OBJECTION WITHOUT FURTHER NOTICE, HEARING OR ARGUMENT.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT COUNSEL FOR THE CHAPTER 11 TRUSTEE, ANDREW S. RICHMOND, ESQ., OR RICHARD LEVY, JR., ESQ., OF**

**PRYOR CASHMAN LLP, AT (212) 421-4100, OR AT THE EMAIL ADDRESSES INDICATED ABOVE.**

TO: HONORABLE DAVID S. JONES,
UNITED STATES BANKRUPTCY JUDGE

Megan E. Noh, as Chapter 11 Trustee (the "Trustee") of debtor P8H, Inc., d/b/a Paddle 8 (the "Debtor"), by her undersigned attorneys, files this omnibus objection (the "Omnibus Objection") and, pursuant to sections 105(a), 502, and 558 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Bar Date Order (as defined herein), seeks entry of an order (the "Proposed Order"), substantially in the form annexed as **Exhibit B**,

i. Disallowing and expunging the scheduled claims identified in **Schedule 1** of the Ganeshan Declaration (the "Claims to be Expunged");

ii. Reducing the dollar amount scheduled in the claims identified in **Schedule 2** to the Ganeshan Declaration (the "Claims to be Reduced (Canceled Sales)"); and

iii. Reducing the dollar amount scheduled in the claims identified in **Schedule 3** to the Ganeshan Declaration (the "Claims to be Reduced (Miscalculated Consignment Payments)" and together with the Claims to be Expunged and the Claims to be Reduced (Canceled Sales), the "Disputed Claims").

. In support of this Omnibus Objection, the Trustee submits the declaration of Rameshkumar Ganeshan (the "Ganeshan Declaration") annexed hereto as **Exhibit A** and respectfully represents as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the Omnibus Objection pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is

2

proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Sections 105, 502 and 558 of the Bankuptcy Code and Bankruptcy Rule 3007.

## BACKGROUND

3. The Debtor operated an online platform for auction and "storefront" sales of art, collectibles and experiences.

4. On March 16, 2020 (the "Petition Date"), the Debtor filed a voluntary petition (the "Petition") (ECF No. 1) for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").

5. On April 8, 2020, the Debtor filed its Schedules of Assets and Liabilities (the "Schedules") (ECF No. 20).

6. On April 15, 2020, the Office of the United States Trustee (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") (ECF No. 23).

7. On May 8, 2020, the U.S. Trustee filed an Application for Order Approving the Appointment of Chapter 11 Trustee (ECF No. 42). On the same day, this Court entered an order approving Megan E. Noh as Chapter 11 Trustee (ECF No. 43).

8. On June 12, 2020, the Trustee filed *Chapter 11 Trustee's Motion for an Order (I) Pursuant to Bankruptcy Rule 3003(c)(3) Establishing a Deadline for Filing Certain Proofs of Claim and Approving Form and Manner of Notice Thereof; and (II) Establishing a Protocol for the Filing of Claims by Online Sale Claimants* (the "Bar Date Motion") (ECF No. 87).

9. On July 10, 2020, the Court entered the *Order Establishing Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof, and Establishing a Protocol for the Filing of Claims by Online Sale Claimants* (the "Bar Date Order") (ECF No. 112). Pursuant

3

to the Bar Date Order, all persons and entities were required to file a proof of claim against the Debtor on or before Monday, August 24, 2020 (the "Bar Date").

10. The Bar Date Order provides that the Trustee has the right to object to any claim listed in the Schedules and assert offsets or defenses to any scheduled claim. Bar Date Order ¶ 13.

11. Since her appointment and following the Bar Date, the Trustee, with the assistance of her counsel and Rameshkumar Ganeshan, examined and investigated Proofs of Claims and the claims listed in the Debtor's Schedules. The Trustee has determined that the scheduled claim amount for many Online Sellers was improperly enlarged and includes payments for sales which were canceled or were otherwise improperly calculated to determine the proper claim amount.

12. The claimants listed on Schedules 1 – 3 to the Ganeshan Declaration (the "Claimants") each have a scheduled claim but did not file Proofs of Claim. This Omnibus Objection, therefore, addresses only objections to the scheduled amounts of certain claims, for the reasons stated below.

## RELIEF REQUESTED

13. By this Omnibus Objection, the Trustee respectfully requests entry of an Order, pursuant to sections 105(a), 502 and 558 of the Bankruptcy Code, Bankruptcy Rule 3007, and the Bar Date Order, (i) modifying or disallowed and expunging the Disputed Claims identified on Schedules 1–3 of the Ganeshan Declaration and (ii) granting related relief.

## BASIS FOR THE RELIEF REQUESTED

14. A scheduled claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a); see 11 U.S.C. § 1111(a) ("A proof of claim or interest is deemed filed under section 501 of this title for any claim or interest that appears in the schedules . . . except a claim or interest that is scheduled as disputed, contingent or unliquidated."). Upon an objection, the

4

claimant has the burden to demonstrate the validity of the claim. *See Residential Capital, LLC,* 2016 WL 796860, at *9 (S.D.N.Y. 2016); *In re Arcapita Bank B.S.C.(c),* 2013 WL 6141616, at *1 (Bankr. S.D.N.Y. 2013), *aff'd sub nom. In re Arcapita Bank B.S.C.(c),* 508 B.R. 814 (S.D.N.Y. 2014); *In re Motors Liquidation Co.,* 2012 WL 1886755, at *3 (S.D.N.Y. 2012); *In re Oneida, Ltd.,* 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL 234827, at *5 (S.D.N.Y. Jan. 22, 2010).

15. Section 502(b)(1) of the Bankruptcy Code provides that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

16. Pursuant to the terms of the Debtor's standard consignment agreement (the "Consignment Agreement"), for which it executed with each of the Claimants, if a buyer fails to pay in full, the sale is canceled. Thereafter, the Online Seller is required to return any proceeds it received from the sale and is not entitled to any further payments from the Debtor. A copy of the Consignment Agreement is attached hereto as **Exhibit C** and is incorporated herein by reference.

17. During the ongoing review of the Debtor's Claims, the Trustee's professionals determined that certain Claims should be modified or disallowed and expunged. As set forth in the Ganeshan Declaration, each of the Disputed Claims have been reviewed and considered based on the Debtor's books and records, and the Trustee now objects to the Disputed Claims on the grounds as set forth below.

18. The Omnibus Objection is appropriate even though it does not fall within any of the grounds set forth in Bankruptcy Rule 3007(d). Bankruptcy Rule 3007(c) provides that a court can modify the requirements for filing omnibus objections. Moreover, section 105(a) of the Bankruptcy Code provides, in part, that a court may "issue any order, process, or judgment that is

necessary or appropriate to carry out the provisions [of the Bankruptcy Code]." 11 U.S.C. § 105(a).  Under section 105(a), the Court has expansive equitable power to fashion an order that is in the interest of preserving or protecting the value of the estate.  *See, e.g., Chinichian v. Campolongo (In re Chinichian)*, 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code.") (citations omitted); *Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1069 (2d Cir. 1983) ("[A] bankruptcy judge must have substantial freedom to tailor his orders to meet differing circumstances.").

19. Similar relief has been granted in other cases in this District whereby the bankruptcy court approved claim objection procedures and permitted the debtor to file an omnibus claim objection for grounds other than those set forth in Bankruptcy Rule 3007(d).  *See In re Purdue Pharma L.P.*, Case No. 19-23649 [Doc. No. 2878] (Bankr. S.D.N.Y. May 18, 2021); *In re Synergy Pharmaceuticals Inc.*, Case No. 18-14010 [Doc. No. 676] (Bankr. S.D.N.Y. April 16, 2019); *In re Sears Holdings Corp.*, Case No. Case No. 18-23538 [Doc. No. 3014] (Bankr. S.D.N.Y. April 2, 2019); *In re Residential Capital, LLC*, Case No. 12-12020 [Doc. No. 3294] (Bankr. S.D.N.Y. March 21, 2013).

20. In an effort to reduce administrative costs, the Trustee files this Omnibus Objection, as opposed to filing individual objections against each Claimant, and will give individual mail notice at the last known address of each Claimant.  Moreover, authorizing the Trustee to file the Omnibus Objection will not prejudice the rights of the Claimants.  Bankruptcy Rule 3007(d)-(e) already allows the Trustee to file omnibus claims objections, albeit on other grounds, and the Trustee will comply with Bankruptcy Rule 3007 in all other respects to preserve the due process rights of each of the Claimants.

## OBJECTIONS

21.  As set forth in the Ganeshan Declaration annexed hereto as **Exhibit A**, which is incorporated herein by reference, the Trustee objects to the Disputed Claims as follows:

### I. Claims to be Expunged (Schedule 1)

22.  The Trustee objects to the Claims to be Expunged identified on **Schedule 1** to the Ganeshan Declaration. Based on a review of the Schedules and the Debtor's books and records, the Trustee determined that the Claims to be Expunged should not have been included in the Debtor's Schedules because the underlying online sale(s) and the Consignment Agreement(s) were canceled due to a buyer's non-payment of the purchase price or a chargeback initiated by the buyer. *See* Ganeshan Decl. ¶ 5. Pursuant to the terms of the Consignment Agreement, once a buyer fails to pay for a purchase, the Consignment Agreement is canceled, and the Online Seller has no right to payment and must return any funds it received for the canceled sale.

23.  Failure to disallow and expunge the Claims to be Expunged could result in the applicable claimants improperly receiving unwarranted or excessive recoveries against the Debtor's estate. Moreover, elimination of the Claims to be Expunged will enable the Trustee to maintain a more accurate claims register. Accordingly, the Trustee requests that the Court enter the Proposed Order, disallowing and expunging the Claims to be Expunged on **Schedule 1** to the Ganeshan Declaration. The Trustee reserves the right to object to the Claims to be Expunged on any other available grounds, including the grounds that are raised elsewhere in this Omnibus Objection.

### II. Claims to be Reduced (Canceled Sales)

24.  The Trustee objects to the Claims to be Reduced (Canceled Sales) identified on **Schedule 2** of the Ganeshan Declaration. Based on a review of the Schedules and the Debtor's

books and records, the Trustee determined that the Claims to be Reduced (Canceled Sales) were improperly inflated. When the Debtor originally calculated the claim amount, it improperly included payments to Online Sellers for sales which were canceled in part or reduced in part due to a buyer's non-payment or a chargeback initiated by the buyer. Instead, the Trustee believes that the scheduled amount of such claims as identified in the column titled "Scheduled Amount" should be modified to the amounts in the column titled "Modified Claim Amount" in the table provided in **Schedule 2** of the Ganeshan Declaration. The Trustee asserts that the amount listed in the "Modified Claim Amounts" column for each Claims to be Reduced (Canceled Sales) represents the fair, accurate, and reasonable value of each respective scheduled claim, as reflected in the Debtor's records. *See* Ganeshan Decl. ¶ 6.

25. Failure to modify such claims could result in the relevant claimants receiving a better recovery than other similarly situated creditors, even though such recovery is not warranted. Accordingly, the Trustee requests that the Court enter the Proposed Order, modifying the Claims to be Reduced (Canceled Sales) identified on **Schedule 2** of the Ganeshan Declaration. The Trustee reserves the right to object to the Claims to be Reduced (Canceled Sales) on any other available grounds, including the grounds that are raised elsewhere in this Omnibus Objection.

### III. Claims to be Reduced (Miscalculated Consignment Payments)

26. The Trustee objects to the Claims to be Reduced (Miscalculated Consignment Payments) identified on **Schedule 3** of the Ganeshan Declaration. Based on a review of the Schedules and the Debtor's books and records, the Trustee determined that the Claims to be Reduced (Miscalculated Consignment Payments) were improperly inflated because the scheduled claim amount was based on an improper calculation for determining the payment each Online Seller was entitled to for each particular sale. The Scheduled Claims did not account for expenses

and other deductions such as taxes and shipping costs. Instead, the Trustee believes that the scheduled amount of such claims as identified in the column titled "Scheduled Amount" should be modified to the amounts in the column titled "Modified Claim Amount" in the table provided in **Schedule 3** of the Ganeshan Declaration. The Trustee asserts that the amount listed in the "Modified Claim Amounts" column for each Claims to be Reduced (Miscalculated Consignment Payments) represents the fair, accurate, and reasonable value of each respective scheduled claim, as reflected in the Debtor's records. *See* Ganeshan Decl. ¶ 7.

27. Failure to modify such claims could result in the relevant claimants receiving a better recovery than other similarly situated creditors, even though such recovery is not warranted. Accordingly, the Trustee requests that the Court enter the Proposed Order, modifying the Claims to be Reduced (Miscalculated Consignment Payments) identified on **Schedule 3** of the Ganeshan Declaration. The Trustee reserves the right to object to the Claims to be Reduced (Miscalculated Consignment Payments) on any other available grounds, including the grounds that are raised elsewhere in this Omnibus Objection.

## MOTION PRACTICE

28. This Omnibus Objection includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Omnibus Objection. Accordingly, the Trustee submits that this Omnibus Objection satisfies Rule 9013-1(a) of the Local Rules of Bankruptcy Procedure for the Southern District of New York.

## RESPONSES TO OBJECTIONS

29. <u>Filing and Service of Responses</u>. To contest an objection to a Disputed Claim, a claimant must file and serve a written response to the objection (a "<u>Response</u>") so that it is received no later than seven (7) business days before the hearing date. Each Response shall be filed and

served upon all parties on the Trustee, the United States Trustee, the Official Committee of Unsecured Creditors and all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002.

30. <u>Content of Responses</u>. Each Response to an objection must contain at a minimum the following:

    a. a caption setting forth the name of the Bankruptcy Court, the name of the Debtor, and the case number;

    b. the name of the claimant and description of the basis for the amount of the Disputed Claim;

    c. a concise statement setting forth the reasons why the Disputed Claim should not be disallowed or reduced for the reasons set forth in this Omnibus Objection, including, but not limited to, the specific factual and legal bases upon which the Claimant will rely in opposing this Omnibus Objection;

    d. all documentation or other evidence of the Disputed Claim upon which the Claimant will rely in opposing this Omnibus Objection at the Hearing;

    e. the address(es) to which the Trustee must return any reply to the Response; and

    f. the name, address, and telephone number of the person (which may be the Claimant or his/her/its legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the Disputed Claim on behalf of the Claimant.

31. <u>Timely Response Required</u>. If a Claimant fails to file and serve a timely Response in compliance with paragraphs 29 and 30 above, the Trustee will present to the Bankruptcy Court an appropriate order modifying or expunging the Disputed Claim without further notice to the claimant or a hearing.

32. <u>Service Address</u>. If a Response contains an address for the Claimant different from that stated in the Schedules, the address in the Response shall constitute the service address for future service of papers upon that claimant until the Trustee or its assigns receive written notice from the claimant or the claimant's counsel of a changed service address.

## RESERVATION OF RIGHTS

33.     This Omnibus Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Trustee or any other party in interest to object to any of the Disputed Claims or any Scheduled or filed Claim on any grounds whatsoever and all further substantive or procedural objections are expressly reserved.

## SEPARATE CONTESTED MATTER

34.     To the extent that a response is filed regarding any Disputed Claims and the Trustee is unable to resolve any such response, each such Disputed Claim, and the objection as it pertains to the Disputed Claim, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Further, the Trustee requests that any order entered by the Court regarding an objection asserted in this Omnibus Objection be deemed a separate order with respect to each scheduled claim.

## NOTICE

35.     Under Bankruptcy Rule 3007, the Trustee will provide at least thirty (30) days' notice of this Omnibus Objection to: (a) the United States Trustee; (b) the Claimants identified in Schedules 1–3; and (c) counsel to the Committee. No previous motion for the relief sought herein has been made to this Court or to any other court. In light of the nature of the relief requested herein, the Trustee respectfully submits that no further notice is necessary.

## CONCLUSION

WHEREFORE, for the reasons stated above, the Trustee respectfully requests that the Court enter an order, substantially in the form annexed hereto as **Exhibit B**, (a) disallowing and expunging the Claims to be Expunged identified on Schedule 1; and (b) modifying the Claims to be Reduced (Canceled Sales) identified on Schedule 2; (c) modifying the Claims to be Reduced

11

(Miscalculated Consignment Payments) identified on Schedule 3; and (d) granting such other and further relief as the Court deems just and proper.

Dated: September 10, 2021
      New York, New York

**PRYOR CASHMAN LLP**

By:   */s/ Richard Levy, Jr.*
      Richard Levy, Jr.
      Conrad K. Chiu
      Andrew S. Richmond
7 Times Square
New York, New York 10036
Telephone: (212) 421-4100
Facsimile: (212) 326-0806
Email: rlevy@pryorcashman.com
Email: cchiu@pryorcashman.com
Email: arichmond@pryorcashman.com

*Counsel for Megan E. Noh, Chapter 11 Trustee of P8H, Inc., d/b/a Paddle 8*