# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
In re:                                                         :    Chapter 11
                                                               :
P8H, INC., d/b/a PADDLE 8,                                     :    Case No. 20-10809 (DSJ)
                                                               :
                    Debtor.                                    :
                                                               :
---------------------------------------------------------------x

**DECLARATION OF RAMESHKUMAR GANESHAN IN SUPPORT OF CHAPTER 11 TRUSTEE'S FIRST OMNIBUS OBJECTION TO CERTAIN SCHEDULED CLAIMS (CLAIMS TO BE EXPUNGED, CLAIMS TO BE REDUCED (CANCELED SALES), CLAIMS TO BE REDUCED (MISCALCULATED CONSIGNMENT PAYMENTS))**

Pursuant to 28 U.S.C. § 1746, I, Rameshkumar Ganeshan, declare under penalty of perjury under the laws of the United States of America, as follows:

1. I am the controller of P8H, Inc., d/b/a Paddle 8 (the "Debtor"). I have been employed by the Debtor since 2017, and have held several positions with responsibilities in its cash management and internal accounting functions. At the Trustee's request, I have continued in my position since her appointment to assist in the administration of the Debtor during its Chapter 11 case.

2. I make this declaration in support of the *Chapter 11 Trustee's First Omnibus Objection to Certain Scheduled Claims (Claims to be Expunged, Claims to be Reduced (Canceled Sales), Claims to be Reduced (Miscalculated Consignment Payments))* (the "Omnibus Objection")[1] filed by the Trustee.

3. Except as otherwise indicated, all statements in this Declaration are based upon: my personal knowledge; my familiarity with and review of the Debtor's books and records; other documents prepared, collected by or in possession of the Debtor; other information and documents

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Omnibus Objection.

assembled at the direction and under the supervision of the Trustee by former employees of the Debtor, engaged as part-time independent consultants to the Trustee; and the Debtor's Schedules. Accordingly, if called upon to testify, I could and would competently testify as to the statements made in this Declaration.

4. A significant amount of time has been spent to ensure a high degree of diligence in reviewing and reconciling the claims listed in the Debtor's Schedules (the "Scheduled Claims") filed by the Debtor's counsel in the Chapter 11 Case. I worked with the Trustee and her professionals in the process of reviewing and reconciling the claims as well as in the preparation of the Omnibus Objection. In this regard, I: (a) reviewed (i) the Scheduled Claims; (ii) the Debtor's books and records; and (iii) the Debtor's forms of Consignment Agreement; and (b) conferred with the Trustee's professionals relevant to understanding the Schedules and the Scheduled Claims. Accordingly, I am familiar with the information contained in the Omnibus Objection.

5. To the best of my knowledge, information and belief, the claims listed on **Schedule 1** hereto (the "Claims to be Expunged") are Scheduled Claims for which the underlying online sale(s) and the Consignment Agreement(s) were canceled due to the buyer's non-payment of the purchase price or the buyer initiating a chargeback. Therefore, the Claimants do not have a "right to payment" against the Debtor's estate. Accordingly, such Claims to be Expunged should be disallowed and expunged.

6. To the best of my knowledge, information and belief, the claims listed on **Schedule 2** hereto (the "Claims to be Reduced (Canceled Sales)") are Scheduled Claims where some of the sales and some of the Online Sellers' Consignment Agreements were canceled in part or reduced in part due to a buyer's non-payment or a buyer initiating a chargeback and, therefore, the Claims to be Reduced (Canceled Sales) should be reduced to the amount listed in the column titled

"Modified Claim Amount", which represents the fair, accurate, and reasonable value of each Scheduled Claim, as reflected in the Debtor's records.

7. To the best of my knowledge, information and belief, the claims listed on **Schedule 3** hereto (the "Claims to be Reduced (Miscalculated Consignment Payments)") are Scheduled Claims in which some of the payments to the Online Sellers were miscalculated. The particular Scheduled Claim did not take into account taxes, shipping costs, and other deductions. Accordingly, the Claimant is not entitled to the full Scheduled Claim. Therefore, the Claims to be Reduced (Miscalculated Consignment Payments) should be reduced to the amount listed in the column titled "Modified Claim Amount", which represents the fair, accurate, and reasonable value of each Scheduled Claim, as reflected in the Debtor's records.

8. Based upon my review of the Debtor's books and records, and the Debtor's Schedules, I believe that granting the relief requested in the Omnibus Objection is in the best interests of the Debtor's estate and creditors.

I declare under penalty of perjury that, to the best of my knowledge, the foregoing is true and correct.

Executed at Floral Park, New York, on September 10, 2021, pursuant to 28 U.S.C. § 1746.

                                                            */s/ Rameshkumar Ganeshan*
                                                          RAMESHKUMAR GANESHAN

In re P8H, Inc., d/b/a Paddle 8; Case No. 20-10809 (DSJ)

Schedule 1

Claims to be Expunged

|  | Creditor Name | Scheduled Claim No. | Scheduled Amount | Basis |
|---|---|---|---|---|
| 1. | Adam Gage | 3.2 | $18,710.00 | Canceled sale and no right to payment |
| 2. | Andreas Stylianou | 3.11 | $640.00 | Canceled sale and no right to payment |
| 3. | Carol Lerdal | 3.27 | $1,600.00 | Canceled sale and no right to payment |
| 4. | Erik Ratensperger | 3.40 | $3,645.00 | Canceled sale and no right to payment |
| 5. | Gerald (Jerry) Blady | 3.48 | $4,925.00 | Canceled sale and no right to payment |
| 6. | Greg Bell | 3.50 | $4,440.00 | Canceled sale and no right to payment |
| 7. | Hedges Company (c/o James R. Hedges) | 3.53 | $13,300.00 | Canceled sale and no right to payment |
| 8. | Jane Glassman | 3.59 | $880.00 | Canceled sale and no right to payment |
| 9. | Julius Woeste | 3.65 | $2,320.00 | Canceled sale and no right to payment |
| 10. | Leslie Meyers | 3.72 | $2,760.00 | Canceled sale and no right to payment |
| 11. | Paul Simonetti | 3.87 | $1,400.00 | Canceled sale and no right to payment |
| 12. | Picture This Publications Inc c/o Marla Hamburg Kennedy | 3.90 | $8,820.00 | Canceled sale and no right to payment |
| 13. | Poppy Reindorp | 3.92 | $1,600.00 | Canceled sale and no right to payment |
| 14. | Rahul Sabhnani | 3.94 | $3,995.00 | Canceled sale and no right to payment |

In re P8H, Inc., d/b/a Paddle 8; Case No. 20-10809 (DSJ)

Schedule 2

Claims to be Reduced (Canceled Sales)

|  | Creditor Name | Scheduled Claim No. | Scheduled Amount | Modified Claim Amount |
|---|---|---|---|---|
| 1. | Adam Green | 3.3 | $4,500.00 | $960.00 |
| 2. | Assaf Pocker | 3.21 | $10,560.00 | $2,880.00 |
| 3. | Huw Lougher Contemporary Ltd. | 3.56 | $5,428.00 | $3,864.00 |
| 4. | Leo Barreras | 3.71 | $5,790.00 | $3,920.00 |
| 5. | Martin Podorsky | 3.74 | $3,400.00 | $2,465.00 |
| 6. | Michael Lisi | 3.76 | $1,800.00 | $1,128.00 |
| 7. | Peter McCourt | 3.89 | $4,920.00 | $2,460.00 |
| 8. | Scott Kaplan | 3.106 | $14,440.00 | $11,040.00 |

In re P8H, Inc., d/b/a Paddle 8; Case No. 20-10809 (DSJ)

Schedule 3

Claims to be Reduced (Miscalculated Consignment Payments)

|  | Creditor Name | Scheduled Claim No. | Scheduled Amount | Modified Claim Amount |
|---|---|---|---|---|
| 1. | Art Issue Editions (c/o Larry Warsh) | 3.15 | $1,760.00 | $880.00 |
| 2. | As if X David Salle | 3.20 | $2,112.00 | $1,399.13 |
| 3. | Earl Heng Contemporary, LLC (c/o Earl Heng) | 3.37 | $7,557.50 | $6,247.50 |
| 4. | TAGBOAT, Inc. (c/o Kenji Tokumitsu) | 3.117 | $7,562.50 | $2,657.00 |
| 5. | The Little Black Gallery (c/o Ghislain Pascal) | 3.122 | $30,398.00 | $19,025.00 |