# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------x
                                                          :
In re:                                                    :         Chapter 11
                                                          :
P8H, INC., d/b/a PADDLE 8,                                :         Case No. 20-10809 (DSJ)
                                                          :
           Debtor.                                        :
                                                          :
----------------------------------------------------------x

### ORDER GRANTING THE FIRST OMNIBUS OBJECTION TO CERTAIN SCHEDULED CLAIMS (CLAIMS TO BE EXPUNGED, CLAIMS TO BE REDUCED (CANCELED SALES), CLAIMS TO BE REDUCED (MISCALCULATED CONSIGNMENT PAYMENTS))

Upon the *Chapter 11 Trustee's First Omnibus Objection to Certain Scheduled Claims (Claims to be Expunged, Claims to be Reduced (Canceled Sales), Claims to be Reduced (Miscalculated Consignment Payments))*, filed on September 10, 2021 (the "Omnibus Objection")[1] of Megan E. Noh, as Chapter 11 Trustee (the "Trustee") of debtor P8H, Inc., d/b/a Paddle 8 (the "Debtor"), pursuant to sections 105(a), 502 and 558 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and the Bar Date Order, for an order modifying or disallowing and expunging the scheduled claims: (i) identified on **Schedule 1** attached hereto (the "Claims to be Expunged"); (ii) identified on **Schedule 2** attached hereto (the "Claims to be Reduced (Canceled Sales)"); and (iii) identified on **Schedule 3** attached hereto (the "Claims to be Reduced (Miscalculated Consignment Payments)"), and together with the Claims to be Expunged and the Claims to be Reduced (Canceled Sales), the "Disputed Claims")); and upon consideration of the Ganeshan Declaration and the Omnibus Objection and the arguments contained therein and the opposition thereto, if any; and upon the hearing (the "Hearing") on the Omnibus Objection having

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Omnibus Objection.

been held before this Court on \_\_\_\_\_, 2021; and upon representations of counsel at the Hearing; and the Court having jurisdiction over the Omnibus Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Omnibus Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Omnibus Objection has been given, and that no other or further notice need be given; and it appearing that the legal and factual bases set forth in the Omnibus Objection and on the record at the Hearing establish just cause for the relief granted herein; and it further appearing that the requested relief is reasonable, proper and in the best interest of the Debtor and its estate and creditors; and after due deliberation and sufficient cause appearing therefore; it is hereby:

**ORDERED**, that the Omnibus Objection is sustained to the extent set forth herein; and it is further

**ORDERED** that the Claims to be Expunged set forth on **Schedule 1** to this Order are disallowed and expunged in full; and it is further

**ORDERED** that the Claims to be Reduced (Canceled Sales) set forth on **Schedule 2** to this Order are modified as set forth in the "Modified Claim Amount" column of **Schedule 2**; and it is further

**ORDERED** that the Claims to be Reduced (Miscalculated Consignment Payments) set forth on **Schedule 3** to this Order are modified as set forth in the "Modified Claim Amount" column of **Schedule 3**; and it is further

**ORDERED**, that the Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Omnibus Objection; and it is further

**ORDERED**, that the Trustee is authorized and empowered to modify the official claims register and the Schedules in a manner consistent with this Order; and it is further

**ORDERED**, that this Court shall retain jurisdiction with respect to any matters arising from or related to the interpretation and implementation of this Order.

Dated:  New York, New York
_____, 2021

_____
UNITED STATES BANKRUPTCY JUDGE
DAVID S. JONES

In re P8H, Inc., d/b/a Paddle 8; Case No. 20-10809 (DSJ)

Schedule 1

Claims to be Expunged

|  | Creditor Name | Scheduled Claim No. | Scheduled Amount | Basis |
|---|---|---|---|---|
| 1. | Adam Gage | 3.2 | $18,710.00 | Canceled sale and no right to payment |
| 2. | Andreas Stylianou | 3.11 | $640.00 | Canceled sale and no right to payment |
| 3. | Carol Lerdal | 3.27 | $1,600.00 | Canceled sale and no right to payment |
| 4. | Erik Ratensperger | 3.40 | $3,645.00 | Canceled sale and no right to payment |
| 5. | Gerald (Jerry) Blady | 3.48 | $4,925.00 | Canceled sale and no right to payment |
| 6. | Greg Bell | 3.50 | $4,440.00 | Canceled sale and no right to payment |
| 7. | Hedges Company (c/o James R. Hedges) | 3.53 | $13,300.00 | Canceled sale and no right to payment |
| 8. | Jane Glassman | 3.59 | $880.00 | Canceled sale and no right to payment |
| 9. | Julius Woeste | 3.65 | $2,320.00 | Canceled sale and no right to payment |
| 10. | Leslie Meyers | 3.72 | $2,760.00 | Canceled sale and no right to payment |
| 11. | Paul Simonetti | 3.87 | $1,400.00 | Canceled sale and no right to payment |
| 12. | Picture This Publications Inc c/o Marla Hamburg Kennedy | 3.90 | $8,820.00 | Canceled sale and no right to payment |
| 13. | Poppy Reindorp | 3.92 | $1,600.00 | Canceled sale and no right to payment |
| 14. | Rahul Sabhnani | 3.94 | $3,995.00 | Canceled sale and no right to payment |

In re P8H, Inc., d/b/a Paddle 8; Case No. 20-10809 (DSJ)

Schedule 2

Claims to be Reduced (Canceled Sales)

|    | Creditor Name | Scheduled Claim No. | Scheduled Amount | Modified Claim Amount |
|----|---|---|---|---|
| 1. | Adam Green | 3.3 | $4,500.00 | $960.00 |
| 2. | Assaf Pocker | 3.21 | $10,560.00 | $2,880.00 |
| 3. | Huw Lougher Contemporary Ltd. | 3.56 | $5,428.00 | $3,864.00 |
| 4. | Leo Barreras | 3.71 | $5,790.00 | $3,920.00 |
| 5. | Martin Podorsky | 3.74 | $3,400.00 | $2,465.00 |
| 6. | Michael Lisi | 3.76 | $1,800.00 | $1,128.00 |
| 7. | Peter McCourt | 3.89 | $4,920.00 | $2,460.00 |
| 8. | Scott Kaplan | 3.106 | $14,440.00 | $11,040.00 |

Schedule 3

Claims to be Reduced (Miscalculated Consignment Payments)

|   | Creditor Name | Scheduled Claim No. | Scheduled Amount | Modified Claim Amount |
|---|---|---|---|---|
| 1. | Art Issue Editions (c/o Larry Warsh) | 3.15 | $1,760.00 | $880.00 |
| 2. | As if X David Salle | 3.20 | $2,112.00 | $1,399.13 |
| 3. | Earl Heng Contemporary, LLC (c/o Earl Heng) | 3.37 | $7,557.50 | $6,247.50 |
| 4. | TAGBOAT, Inc. (c/o Kenji Tokumitsu) | 3.117 | $7,562.50 | $2,657.00 |
| 5. | The Little Black Gallery (c/o Ghislain Pascal) | 3.122 | $30,398.00 | $19,025.00 |